STATE OF INDIANA EX REL. TAYLOR *v.* OFFUTT, JUDGE, ETC. ET AL.

[No. 29,344.  Filed June 23, 1956.]

*Johnson & Austin,* of Anderson, for relator.

*Ralph F. Mattingly* and *John R. Walsh,* of Anderson, for respondent.

LANDIS, C. J.—This is an original action in which relator has filed petition for writ of prohibition asking in substance that respondent be restrained from enforcing against Orville Clayton Taylor, Jr., relator herein, a court order and judgment rendered against one Bud Charles Taylor in a proceeding to determine the paternity of a child born out of wedlock. We issued the alternative writ prayed for by relator.

The facts bearing upon the case are as follows: In May 1952, complaint to establish paternity of an unborn child was filed by Joyce Weaver against Bud Charles Taylor. In June 1952, a recognizance bond in the sum of $100 was filed in said cause which recited:

"Whereas one, Orville C. Taylor, Jr., has been charged by affidavit filed in the above entitled action, wherein one Joyce Weaver alleging that he is the father thereof, and upon which complaint a warrant has been issued for the arrest of the defendant therein.

"Now if the said Orville C. Taylor, Jr., shall be in [sic] appear before the said Gerald P. Shine, Judge of the Madison Circuit Court on the 6th day of October in answer to said charge and shall abide by the finding of said court, then this bond shall be void, otherwise to remain in full force and effect.

Orville C. Taylor, Jr., Principal  
Charles Campbell         surety  
Thelma B. Campbell      surety"

In June 1953, an amended complaint was filed alleging the birth of said child since the filing of the original complaint. The cause was tried by jury before Special Judge Morrow, which found for plaintiff, and the court on February 8, 1954 rendered judgment for plaintiff for $500 and ordered that defendant pay the sum of $10 per week for the support of plaintiff's child, until fur-

ther order of the court. Thereafter, on May 27, 1954, Orville C. Taylor, Jr., filed before the regular Judge of the Madison Circuit Court, a petition asking that the lien of the judgment rendered against Bud Charles Taylor be removed from petitioner Orville C. Taylor's real estate, which petition was summarily granted the same day by said court.

Thereafter, on April 19, 1954, the plaintiff, Joyce Weaver, filed affidavit for citation against the defendant in the cause entitled Joyce Weaver v. Bud Charles Taylor. On September 24, 1954, after hearing evidence, the court found for the plaintiff and against the defendant, that the defendant, Bud Charles Taylor, also known as Orville C. Taylor, Jr., is one and the same person, and that said defendant is in contempt of court and is ordered confined to jail until said order is complied with. Relator, Orville C. Taylor, Jr., filed petition to reconsider, which was overruled. The trial judge disqualified himself, and respondent was then selected as special judge. Relator then filed motion to strike out the citation, which was overruled. The plaintiff, Joyce Weaver, filed a further petition for citation against Bud Charles Taylor before respondent court, which was served on Orville C. Taylor, Jr., relator herein.

Relator then filed in this court petition for writ of prohibition, asking that respondent be restrained from punishing relator, Orville C. Taylor, Jr., for contempt of court for noncompliance with the court order and judgment obtained by Joyce Weaver against Bud Charles Taylor.

It is immaterial in this case that the action by Joyce Weaver to determine the paternity of her child was brought against Bud Charles Taylor, instead of Orville C. Taylor, Jr., relator herein. The record shows relator appeared as defendant in said

cause by his attorney and signed recognizance bond required of the defendant, which was signed "Orville C. Taylor, Jr.,". However, Orville C. Taylor, Jr., made no effort on or before the trial of said cause to plead the misnomer of himself as a defendant, and we may therefore conclude he has waived the question. As this court correctly stated in *The Bloomfield Railroad Company* v. *Burress* (1882), 82 Ind. 83, 84:

> "If a party is sued by a wrong name, is served with process, and fails to plead the misnomer in abatement, the judgment will bind him. *Lafayette Ins. Co.* v. *French*, 18 Howard, 404; *Guinard* v. *Heysinger*, 15 Ill. 288; *Hammond* v. *People*, 32 Ill. 446, 473; Freeman Judgments, section 154." See also: *Kingen* v. *Stroh* (1894), 136 Ind. 610; 36 N. E. 519; *Vogel* v. *Brown Township* (1887), 112 Ind. 299, 14 N. E. 77; *Deep Vein Coal Co.* v. *Dowdle*, (1946), 224 Ind. 244, 66 N. E. 2d 598.

Evidence introduced upon the trial of a citation issued on the order and judgment against Bud Charles Taylor was to the effect that Orville C. Taylor, Jr., relator herein, was the same person as Bud Charles Taylor, against whom the order and judgment had been previously rendered. We are not able in this court to weigh any conflicting evidence on that point. The court's ruling on the citation was for the plaintiff, Joyce Weaver, and against the defendant, and that defendant, Bud Charles Taylor, also known as Orville C. Taylor, Jr., is one and the same person. The relator herein, Orville C. Taylor, Jr., did not appeal from such ruling, the time for which has since expired, and relator is therefore bound by such adjudication of the court.

Relator sets forth in the record before us a letter written by the respondent judge to attorneys for both parties, giving his reasons for overruling relator's motion to strike out the citation. Relator argues as to the sufficiency of the letter which he con-

tends ambiguously refers to a previous decree or ruling of the court and the date thereof. We do not believe relator's contention is material, but in any event we should not consider matter foreign to the record, as it is well settled a court speaks only by its record, which is its order book, and the order book entries are not dependent for their stability or validity on outside memoranda. *Cook* v. *State* (1941), 219 Ind. 234, 37 N. E. 2d 63.

No showing has been made by relator that the lower court did not have jurisdiction to enforce the previous order and judgment which had been rendered against him as Bud Charles Taylor, or that the lower court did not have jurisdiction to punish him for contempt of court for violation thereof, and the alternative writ of prohibition previously issued is therefore dissolved, and the permanent writ denied.

Achor, Arterburn, Bobbitt and Emmert, JJ., concur.

NOTE.—Reported in 135 N. E. 2d 241.