WILLIAM E. HARRIS *v*. STATE OF INDIANA.

[No. 1070S247. Filed May 25, 1971.]

*John V. Hampton,* of Muncie, for appellant.

*Theodore L. Sendak,* Attorney General, *J. Frank Hanley,* Deputy Attorney General, for appellee.

HUNTER, J.—Appellant was charged by affidavit in the Delaware Circuit Court with the crime of armed robbery and robbery. Trial by jury resulted in a verdict of guilty as charged and appellant was sentenced to the Indiana Reformatory for a determinate period of ten [10] years.

The sole question before the court is the trial court's alleged error in denying appellant's motion for discharge, he having been detained in jail in excess of six months prior to trial. The facts upon which said error is bottomed may be briefly summarized as follows. Appellant was arrested on the robbery charge, filed August 7, 1969, on August 8; the charging affidavit was amended on August 28, 1969, to include the charge of armed robbery. On September 2, 1969, arraignment was conducted and appellant entered a plea of not guilty. Appellant's co-defendant was arraigned on September 24, 1969, and it was at this time that trial was set for March 2, 1970. When the trial judge announced the trial date, he noted for the record the fact that the trial date set was at odds with Rule CR. 4(A), it being in excess of six months from the date the appellant was arrested, but indicated that the delay was necessary due to his busy trial schedule. No further action was taken in the case until the day of trial, March 2, 1970, such date being approximately six (6) days short of seven (7) months from the date of appellant's arrest.

The pertinent provision of our new Rule CR. 4 reads as follows:

"(A). Defendant in jail. No defendant shall be detained in jail on a charge, without a trial, for a continuous period embracing more than six [6] months from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge (which ever is later) ; except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient

time to try him during such period because of congestion of the court calendar; provided, however, that in the last-mentioned circumstance, the prosecuting attorney shall make such statement in a motion for continuance not later than ten [10] days prior to the date set for trial, or if such motion is filed less than ten [10] days prior to trial, the prosecuting attorney shall show additionally that the delay in filing the motion was not the fault of the prosecutor."

Appellant's allegation of error is premised upon the fact that no motion was made by the prosecutor for a continuance due to congestion of the court calendar but rather was made on the court's own motion in violation of the above quoted rule.

The purpose of the rule quite clearly is to guarantee a defendant's right to speedy trial. Equally clear is the fact that one circumstance, recognized by the rule, excusing trial within the six month period is where the trial docket is congested and trial cannot be had within the time allotted. This being the case, we are unable to say that appellant is entitled to discharge solely on the basis that trial was continued beyond the six month period at the instance of the trial judge and not the prosecutor. Whether the trial judge *or* the prosecutor makes the motion would seem irrelevant when considered in light of the rule's objective and the right sought to be protected. We fail to see any prejudice accruing to appellant as a result of the manner in which the setting of trial was here conducted nor does appellant show any.

Certainly it is the trial judge who is in the best position to know the status of the trial docket and we feel his own motion is sufficient under the rule,—especially under the facts in this case, since the record indicates that the judge, after setting the date for trial, discussed the matter with the prosecuting attorney. Had the prosecutor, upon being duly prompted by the trial judge, made the appropriate motion, the technical requirements of the rule would have been satisfied. However, the trial judge's direct action in continuing the case is no less within the spirit of the rule and his subsequent ruling on appellant's motion to discharge must be affirmed.

Judgment affirmed.

Arterburn, C.J., DeBruler, Givan and Prentice, JJ., concur.

NOTE.—Reported in 269 N. E. 2d 537