ROBERT C. SMALL V. STATE OF INDIANA.

[No. 471S104. Filed September 26, 1972.]

*Gil I. Berry, Jr.,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *William D. Bucher,* Deputy Attorney General, for appellee.

GIVAN, J.—Appellant was found guilty of counterfeiting licenses for the operation of motor vehicles contrary to IC 1971 9-1-7-1 as found in BURNS' IND. STAT. ANN., 1965 Repl., § 47-2917, which reads as follows:

"Whoever shall by photostatic, photographic, photo-copy, photo-engravure or other similar or related means falsely counterfeit or reproduce, or whoever shall by any other means whatsoever falsely reproduce or counterfeit any certificate of title for any motor vehicles, semitrailer, or house car; or any certificate of registration for any motor vehicle, semitrailer, or house car; or an operator's license, or chauffeur's license, or public passenger chauffeur's license, or any current driving license, with intent to use the same,

or with intent that the same may be used by some other person; or whoever shall cause or procure or knowingly assist any of the foregoing actions, with the intent aforesaid, shall be guilty of a misdemeanor and shall, upon conviction, be fined in any sum not less than one hundred dollars [$100] nor more than five hundred dollars [$500] to which may be added imprisonment for any term not to exceed six [6] months. [Acts 1957, ch. 86, § 1, p. 146.]"

Appellant was sentenced to the Indiana State Farm for six months and fined $500 and costs.

The record discloses the following facts:

On December 31, 1968, the appellant was indicted by the Marion County Grand Jury for forgery as defined in IC 1971 35-1-124-1 as found in BURNS' IND. STAT. ANN., 1956 Repl., § 10-2102, which reads as follows:

"Whoever falsely makes, or assists in making, defaces, destroys, alters, forges, counterfeits, prints, or photographs, or causes to be falsely made, defaced, destroyed, altered, forged, counterfeited, printed or photographed, any record or authentic matter of a public nature, deed, will, codicil, lease, bond, covenant, writing obligatory, bank bill or note, check, bill of exchange, or any acceptance or indorsement of any bill of exchange, promissory note for the payment of money or other property, or any post note, acquittance or receipt either for money or property, or any acquittance, release or discharge of any debt, account, action, suit, demand or other thing, real or personal, or any order, warrant or request for the payment of money, or any auditor's warrant, treasury note, county order, city order, indorsement of any promissory note, draft, or order or assignment of any bond, writing obligatory, or promissory note for money or property, or any order or draft for the payment of money or property, or any lawful brand on a tobacco leaf, bacon or pork cask, lard keg or barrel, salt barrel or hay bale, or any ticket, check, order, coupon receipt for fare or pass, printed, written, lithographed or engraved, issued by any railroad or other transportation company or by the manager, lessee, agent or receiver thereof, or any plat, draft or survey of land, or transfer or assurance of money, stock, goods, chattels, or other property whatever, or any letter of attorney, or any power or au-

thority to receive money, or to receive and transfer stock or annuities, or to let, lease, dispose of, alien or convey any goods or chattels, lands or tenements, or other estate, real or personal, certificate of a justice of the peace or other public officer, or any other instrument in writing, with intent to defraud any person, body politic or corporate, or utters or publishes as true any such instrument or matter, knowing the same to be false, defaced, altered, forged, counterfeited, falsely printed or photographed, with intent to defraud any person, body politic or corporate shall, on conviction, be imprisoned in the state prison not less than two [2] years nor more than fourteen [14] years, and fined not less than ten dollars [$10.00] nor more than one thousand dollars [$1,000]. [Acts 1905, ch. 169, § 676, p. 584.]"

That indictment stated in substance that the appellant had forged a certain Indiana Driver's License. On January 21, 1969, the appellant filed his motion to quash that indictment. On August 4, 1969, the State of Indiana filed a *nolle prosequi* of that charge.

On December 30, 1969, a second indictment was returned against the appellant. This second indictment was in two paragraphs, the first again charging the crime of forgery as in the previous indictment, and the second count charging that the appellant had counterfeited an Operator's License with the intent that it should be used by another person in violation of IC 1971 9-1-7-1 as found in BURNS' IND. STAT. ANN., 1965 Repl., § 47-2917. On February 5, 1970, the State filed a *nolle prosequi* of the second indictment, and on February 9, 1970, a third indictment was returned against the appellant, which was substantially the same as the second indictment.

On February 19, 1970, the appellant filed a motion for discharge alleging that he had been held under the charge for more than one year, and that he was, therefore, entitled to discharge under the provisions of Criminal Rule 4(C) of the Indiana Rules of Procedure. The trial court sustained appellant's motion to discharge as to Count 1 of the indictment, but overruled his motion as to Count 2. On November 6, 1970, trial was commenced on appellant's plea of not guilty

to Count 2 of the indictment, which trial resulted in the finding of guilty as above stated.

One of appellant's contentions on appeal is that the trial court erred in overruling his motion to discharge as to Count 2 of the indictment. It is appellant's contention that Count 2 of the indictment was in substance the same charge as Count 1, and that he had been held continuously to answer said charge since December 31, 1968.

The trial court was correct in sustaining the appellant's motion to discharge as to Count 1 of the indictment under the provisions of the Indiana Rules of Procedure, CR 4 (C). See *State ex rel. Hasch* v. *Johnson Circuit Court* (1955), 234 Ind. 429, 127 N. E. 2d 600.

The real point of contention is whether or not the appellant was entitled to discharge from Count 2 of the indictment. It is the State's contention that Count 2 of the indictment had been pending for less than two months at the time the appellant filed his motion for discharge, and that Count 2 of the indictment stated a separate and distinct crime, i.e. counterfeiting as opposed to the crime of forgery charged in Count 1 of the indictment. The State cites *Woods* v. *State* (1955), 234 Ind. 598, 130 N. E. 2d 139, in support of its contention. However, an examination of the statutes involved in the case at bar clearly reveals that the charge of counterfeiting as defined in BURNS' IND. STAT. ANN., 1965 Repl., § 47-2917 is a lesser included offense of the crime defined in BURNS' IND. STAT. ANN., 1956 Repl., § 10-2102.

BURNS' IND. STAT. ANN., 1956 Repl., § 9-1818, IC 1971 35-1-39-3, provides that a conviction or acquittal of an offense charged shall be a bar to another indictment or affidavit for the offense charged or for any lower degree of that offense.

It is true that this Court has held that the discharge of a defendant under the present rule CR 4 does not constitute an acquittal nor does it substitute for the payment of a penalty appropriate to the crime. *State ex rel. Hasch* v. *Johnson Circuit Court, supra.* However, the same

case also states that the discharge is a bar to further prosecution on the charge, and that to hold otherwise "would permit the State to stultify the firm guarantee of Article 1, § 12 of the Constitution of Indiana." We, therefore, hold that when the trial court properly discharged the appellant on Count 1 of the indictment, that discharge was equally effective as to any lesser included offense.

We, therefore, hold the trial court erred in failing to sustain appellant's motion to discharge as to Count 2 of the indictment. The trial court is, therefore, reversed, and this cause is remanded for further proceedings not inconsistent with this opinion.

Arterburn, C.J., DeBruler, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 287 N. E. 2d 334.