WALTER WAYNE GRIFFITH *v.* STATE OF INDIANA.

[No. 1-674A95. Filed January 6, 1975.]

*John R. Brant, II, Harlan, Schussler, Keller, Brant & Boston,* of counsel, of Richmond, for appellant.

*Theodore L. Sendak,* Attorney General, *Gary M. Crist,* Deputy Attorney General, for appellee.

LOWDERMILK, J.—Defendant-appellant (Griffith) brings this appeal from his conviction of the offense of Assault and Battery with Intent to Gratify Sexual Desires.

Griffith was arrested and charged by affidavit on August 28, 1972. On August 30, 1972, Griffith was arraigned, entered a plea of not guilty, and the trial date was set for December 4, 1972. On October 31, 1972, Griffith filed with the court a motion to produce and to take a deposition. This motion was granted and the trial date was indefinitely postponed. Griffith made no objection to the continuance.

Griffith retained counsel shortly after his arrest and his counsel promptly began plea bargaining negotiations with the prosecutor involved. After several offers and counter-offers the agreement reached was that Griffith would spend six

months in the Wayne County Jail and would thereafter plead guilty to the charge, and that Griffith would be allowed to request treatment as a sexual deviant, pursuant to IC 1971, 31-11-3.1-1, Ind. Ann. Stat. § 9-4001 (Burns 1974 Supp.), without objection by the State.

On April 19, 1973, Griffith was re-arraigned without objection and his plea was voluntarily changed from "not guilty" to "guilty," and his attorney at that time requested that Griffith be examined for possible treatment under the sexual deviant act. The court accepted the guilty plea but reserved judgment pending a pre-sentence investigation and report. Following a hearing held on May 31, 1973, the court found that Griffith was "probably" a criminal sexual deviant, and ordered his transfer to the Richmond State Hospital where the defendant was to remain for a period not to exceed 120 days for testing and observation.

The doctors and officials at the state hospital communicated to the Wayne Circuit Court that in their opinion Griffith was anti-social and not treatable at the institution pursuant to the sexual deviant act and recommended confinement in a security institution to contain his "dangerous proclivities." Griffith was then returned to the Wayne County Jail on September 10, 1973.

On December 5, 1973, Griffith filed a verified petition seeking withdrawal of his guilty plea and seeking a discharge. Pursuant to said motion to withdraw a hearing was held on December 12th and 13th, 1973. On January 8, 1974, the court overruled Griffith's motion to withdraw his guilty plea and for discharge.

Griffith presents two issues of claimed error as follows—the trial court erred in not permitting him to withdraw his plea of guilty to correct a manifest injustice, and, secondly, that he should have been granted a discharge, inasmuch as he was detained in jail for a continuous period of more than six months without trial.

14

Pursuant to Ind. Rules of Procedure, Appellate Rule 8.3 (A) (7) we shall treat these issues as one.

Ind. Rules of Procedure, Criminal Rule 4 (A) reads, in part, as follows:

"(A)  Defendant in jail. No defendant shall be detained in jail on a charge, without a trial, for a period in aggregate embracing more than six (6) months from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge (whichever is later) ; except where a continuance was had on his motion, or the delay was caused by his act, . . ."

Griffith's motion to produce and to take a deposition is a delay causing procedure which extends the time in which he must be brought to trial six months from the date the motion was filed.

Chief Justice Arterburn, in *State ex rel. Banks* v. *Hamilton Superior Court* (1973), 261 Ind. 426, 304 N.E.2d 776, said:

"The record shows a number of motions by the Relators asking for inspection of the grand jury minutes, for production of certain evidence and for suppression of a confession along with the motion for a change of venue. We find from the record alone that the Relators have been guilty of acts on their part in delaying the case."

In *Shack* v. *State* (1972), 259 Ind. 450, 288 N.E.2d 155, our Supreme Court determined that delay caused by the appellant did not terminate until December 12, 1969, when the motion appellant had filed October 17, 1969, was not ruled upon until December 12, 1969. The court, in that case, said further:

". . . In *State* v. *Hawley* (1971), [256] Ind. [244], 268 N.E. 2d 80, this Court held that where a defendant filed a motion for severance and a separate trial, he was not entitled to credit for delaying time caused by the motion, and the six-month rule for discharge began to run anew from the date the motion for severance was denied. . . ." 288 N.E.2d 155, at 160.

We are constrained to hold that CR. 4 (A) does not apply in the case at bar and Griffith was not prejudiced by not having been re-arraigned until April 19, 1973.

Griffith next contends that the court abused its discretion in overruling defendant's petition to withdraw his plea of guilty in that defendant's plea of guilty was not freely, voluntarily, understandingly, and knowingly entered and the court's finding that the defendant entered a plea of guilty understandingly and knowingly was not supported by sufficient evidence; that the court's finding there would be no manifest miscarriage of justice by failing to allow the defendant to withdraw his plea of guilty was not supported by sufficient evidence.

The court of its own volition zealously guarded the rights of the defendant by conducting a two day hearing on Griffith's petition to withdraw his guilty plea and for discharge.

The allowance of the withdrawal of a guilty plea is within the sound discretion of the court. *Dube* v. *State* (1971), 257 Ind. 398, 275 N.E.2d 7. See also *Goode* v. *State* (1974), 160 Ind. App. 360, 312 N.E.2d 109; *Tyler* v. *State* (1973), 156 Ind. App. 248, 296 N.E.2d 140.

Plea bargaining is a creature of case law and our courts have been exceedingly cautious to require that the same is done to protect one charged with crime with all the safeguards afforded him by the United States and State Constitutions.

Justice Hunter, in the case of *Dube* v. *State, supra,* in discussing the benefits of plea bargaining, said:

". . . This procedure must not be used as a coercive force to obtain pleas of guilty but must be the result of an agreement which both sides find mutually beneficial. For this reason it is essential that the trial court make certain that the plea of guilty is voluntary and that the defendant clearly understands the consequences of his plea. Several very important constitutional rights are waived by a defendant when he pleads guilty, including the right against self-incrimination and the right to a trial by a jury of his peers. When a waiver of these important rights occurs we must scrutinize the situation closely to make certain that the waiver was freely, knowingly, and voluntarily made with full knowledge of the consequences." 275 N.E.2d 7, at p. 9.

The record discloses that there had been a plea bargain arrangement with the State between Griffith and his attorney, Mr. Backmeyer, to the effect that Griffith would spend six months in jail, after which he would plead guilty to assault and battery with intent to gratify sexual desires and request to be treated as a criminal sexual deviant, *without any opposition by the State*. It is also vigorously argued that the judge was aware of the plea bargain agreement at the time he accepted Griffith's guilty plea but that the judge did not discuss it with the defendant at that time.

The record discloses the plea bargain arrangement was fully carried out without opposition. Griffith is now complaining that the judge did not accept such an arrangement.

It is axiomatic that the court is not required to accept a plea bargain arrangement made and entered into by and between the parties. In fact, the defendant Griffith was afforded by the prosecuting attorney, his attorney, and the court all he had bargained for. The record discloses that in the two day hearing Griffith's attorney said he had no evidence to offer with regard to the charge. He did ask that Mr. Griffith be examined to see if he would come under the criminal sexual deviants statute and asked for a medical examination by doctors. Griffith had been fully informed of the nature of the charges against him. He waived the reading of the affidavit and indicated he understood the charges against him. The trial judge fully advised him of his constitutional rights and the consequences of a guilty plea and read to him the statute under which he was charged. *Bonner* v. *State* (1973), 156 Ind. App. 513, 297 N.E.2d 867. He then asked Griffith if he understood the statute under which he was charged and the possible penalty or penalties which the charge might carry in the event of a conviction and to which question the defendant answered "Yes, sir."

Griffith further contends in the hearing to withdraw the guilty plea that he was unaware that should the petition be denied he was subject to imprisonment. The evidence on this

issue was conflicting. Griffith's attorney, Mr. Backmeyer, testified that Griffith was informed regarding the possibility of imprisonment and Griffith maintains that he was not.

We cannot weigh the conflicting evidence nor can we determine the credibility of witnesses, as that was solely for the trier of the facts. *Webster* v. *State* (1973), 155 Ind. App. 510, 293 N.E.2d 529. See also *Black* v. *State* (1973), 261 Ind. 410, 304 N.E.2d 781.

We are of the opinion that the court did not abuse its discretion in overruling Griffith's petition to withdraw his plea of guilty and for a discharge.

Judgment affirmed.

Robertson, C.J. and Lybrook, J., concur.