Robert B. PILLARS, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. PS 409.

Court of Appeals of Indiana,
Third District.

May 30, 1979.
Rehearing Denied July 9, 1979.

Harriette Bailey Conn, Public Defender, Marcia L. Dumond, David P. Freund, Deputy Public Defenders, Indianapolis, for appellant.

Theo. L. Sendak, Atty. Gen., Terry G. Duga, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

Robert B. Pillars appeals from his conviction on charges of assault with intent to kill, threatening to use a deadly or dangerous weapon, aiming a weapon, and resisting arrest. On appeal he raises two issues for our consideration: whether the trial court erred in denying his motion for discharge under Ind.Rules of Procedure, Criminal Rule 4; and whether the trial court erred when it failed to dismiss three counts which were filed two judicial days before trial.[1]

We affirm Pillars' conviction for resisting arrest. We reverse his conviction on the other three charges.

The following chart sets forth the dates and occurrences we have considered in our disposition of this appeal:

| | |
|---|---|
| May 14, 1976 | Alleged crimes occurred. |
| May 17, 1976 | Pillars charged with Count I: Assault with Intent to Kill; warrant issued; arrest made. |
| May 19, 1976 | Pillars files appearance, bond. |
| May 21, 1976 | Arraignment continued at Pillars' request. |
| May 28, 1976 | At arraignment, Pillars enters plea of not guilty. |
| March 3, 1977 | Court enters earlier discovery order and sets omnibus hearing for April 18, 1977. |
| March 16, 1977 | Pillars' attorney files motion to withdraw; hearing set for April 1, 1977. |
| April 1, 1977 | After hearing, court denies attorney's motion to withdraw. |
| April 18, 1977 | Omnibus hearing on discovery. At State's request, Pillars is or- |

1. Because of our disposition of the case, we need not consider two other issues raised by Pillars: whether the evidence was sufficient to prove assault with intent to kill; and whether the trial court erred in sentencing Pillars on all three of the related counts.

dered to make more specific disclosure of his and his wife's testimony and to disclose their criminal records.

| May 2, 1977 | Further omnibus hearing. Jury trial set for May 17, 1977. |
| May 16, 1977 | Court reschedules jury trial for June 7, 1977. |
| May 27, 1977 | Pillars files objection to rescheduling of jury trial. |
| June 1, 1977 | Prosecution moves for continuance of trial due to unavailability of one of its witnesses. Pillars objects to grant of continuance. Court takes matter under advisement, subject to being ruled upon June 3, 1977. |
| June 2, 1977 | Court reschedules jury trial for August 23, 1977. |
| August 3, 1977 | Pillars files motion for discharge and affidavit. |
| August 15, 1977 | Court holds hearing on motion for discharge; motion denied. |
| August 19, 1977 | State files informations charging Pillars with Count II: Threatening to Use a Deadly or Dangerous Weapon; Count III: Aiming a Weapon; and Count IV: Resisting Arrest. |
| August 22, 1977 | Pillars arraigned on additional charges; he pleads not guilty and moves to dismiss. State moves for a continuance of trial due to unavailability of an essential witness. Court sustains Pillars' objection to State's motion for further continuance. |
| August 23, 1977 | Jury trial begins. |
| August 25, 1977 | Pillars found guilty on all four counts. |
| September 27, 1977 | Pillars sentenced. |
| November 23, 1977 | Pillars files motion to correct errors. |
| January 9, 1978 | After hearing, court denies motion to correct errors by written opinion. |

## I.

### Motion for Discharge on Assault Charge

In Indiana, a defendant may not be prosecuted for a crime with which he was charged more than a year prior to his trial. CR. 4(C) provides:

"No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar; provided, however, that in the last-mentioned circumstance, the prosecuting attorney shall file a timely motion for continuance as under subdivision (A) of this rule. Any defendant so held shall, on motion, be discharged."

Pillars was charged with the crime of assault with intent to kill and was arrested on May 17, 1976. He was finally brought to trial on August 23, 1977. On appeal, he claims his motion for discharge made on August 3, 1977, should have been granted. The State argues that the statutory time limit was extended since part of the delay was caused by Pillars' own acts, and the remainder was ascribed to a congested court calendar.

Our examination of the record indicates that Pillars' motion for discharge should have been granted on the basis of two impermissible delays in the setting of his trial past the statutory time limit.

Originally, the trial court set Pillars' trial for May 17, 1977, exactly one year after Pillars' arrest on the assault charge. However, on May 16, 1977, the court rescheduled the trial for June 7, 1977. On June 2, 1977, the court rescheduled the trial for August 23, 1977. In the interim, the court held a hearing on Pillars' motion for discharge, filed on August 3, 1977.

At the hearing the court noted that during the year following his arrest, three delays were attributable to Pillars: (1) seven days, when Pillars was granted a continuance for the purpose of arraignment; (2) fifteen days, necessitated due to the inability of Pillars' counsel to contact him; and (3) fourteen days, due to Pillars' failure to make complete disclosure pursuant to the court's omnibus order. According to the court's calculations, when delays caused by Pillars were taken into account, the trial

date of June 7, 1977 was well within the requirements of CR. 4(C).

As Pillars concedes, the seven-day delay in arraignment could be ascribed to him. However, we are unable to see how the other events relied on by the court constituted delays in Pillars' trial which could be charged against him for the purposes of CR. 4(C).

As the chart, *supra*, shows, on March 3, 1977, the trial court entered a discovery order and set an omnibus hearing to be held on April 18. In the meantime, Pillars' counsel filed a motion to withdraw and a hearing was held. The motion was denied on April 1, even before the omnibus hearing was held. Pillars' problems with his attorney in no way affected the date upon which his trial could have been set. *See Moreno v. State* (1975), Ind.App., 336 N.E.2d 675, 683 at *fn.* 10.

Likewise, the State's problems with discovery should not have affected the setting of a trial date. Discovery often continues until the time of trial; clearly, it need not be completed before the court sets a trial date. If any delay was caused, it should be charged to the State. *See Griffith v. State* (1975), 163 Ind.App. 11, 321 N.E.2d 576.

Taking into account the week's delay that was attributable to Pillars' acts, the trial court should have scheduled his trial on or before May 24, 1977. Instead, on May 16, the trial court rescheduled Pillars' trial for June 7, 1977. The record shows no reason for its action.[2] The trial date was beyond the permissible time limitation contained in CR. 4.

On May 27, 1977, Pillars made his objection to the rescheduling of his trial. There is some question whether the objection was timely. We hold that the objection was timely made.

Normally, a defendant should object as soon as he discovers his trial has been set beyond the limits of CR. 4. In any event, when possible, he must object in time for the court to correct its mistake and schedule the trial within the statutory time period. Otherwise a defendant waives his right to discharge under CR. 4.

In most cases in which we have held that a defendant waived his right to discharge, the defendant knew or should have known of the improper trial date for some time during the period in which he could have been tried, and yet he failed to object. *Richardson v. State* (1975), 163 Ind.App. 222, 323 N.E.2d 291 (defendant knew or should have known for more than six months, yet failed to object until the day before trial); *Bryant v. State* (1973), 261 Ind. 172, 301 N.E.2d 179 (defendant knew for three months, but objected after the proper time for trial had passed).

In the present case, the court rescheduled Pillars' trial on May 16, with no attorneys present. Upon learning of the change in trial date, Pillars' attorney claims he was unable to obtain the docket sheet until May 26, 1977. Upon ascertaining that the court had rescheduled Pillars' trial in violation of CR. 4, Pillars' attorney filed his objection on May 27, 1977.

Clearly, a defendant can not be required to object until he has notice that his trial has been set beyond the statutory time limit. *Wilson v. State* (1977), Ind. App., 361 N.E.2d 931. In this case, Pillars objected when he ascertained that his trial had been set beyond such time limit. Further, in this case, the expiration of the CR. 4 time limit fell on May 24, only a week after the trial date had been changed. It is unlikely that an earlier objection by Pillars would have enabled the trial court to reschedule his trial within the statutorily proper period. *See State ex rel. Wernke v. Super. Ct. of Hendricks Cty.* (1976), 264 Ind. 646, 348 N.E.2d 644, 647 (Justice DeBruler's dissenting opinion).

**2.** At the hearing on the motion for discharge, the trial court set forth the delays it charged to Pillars. Pillars denied that he could be charged with any delay other than the seven-day delay in arraignment. At that point, the court recol-
lected that it had another trial scheduled for May 17, 1977, and that it could have postponed Pillars' trial for that reason. However, the docket entry does not indicate that Pillars' trial was delayed due to a congested court calendar.

Finally, on June 2, 1977, the trial court acted improperly in again rescheduling Pillars' trial, postponing it until August 23, 1977.

█ Our courts have held that a trial court may, on its own motion, postpone a trial due to court congestion if another criminal jury trial is scheduled at the same time. *Caine v. State* (1975), 163 Ind.App. 381, 324 N.E.2d 525; *Harris v. State* (1971), 256 Ind. 464, 269 N.E.2d 537. However, the trial court's docket entry of June 2, 1977, fails to state any reason for the rescheduling of Pillars' jury trial. We are unable to assume the trial court acted according to the statutory mandate.

At the hearing on Pillars' motion for discharge, the trial court itself stated that the second postponement was necessitated when another cause proceeded to trial on June 7. However, in its memorandum opinion, in which it denied Pillars' motion to correct errors, the court indicated that the postponement occurred upon its granting of the State's motion for a continuance due to the unavailability of a witness,. under CR. 4(D). In fact, the record fails to show that the court ever ruled on the State's June 1st motion for a continuance. The trial court does not appear to remember why Pillars' trial was postponed. We stress the importance of complete docket entries to justify postponement of jury trials under CR. 4.

In the present case, we hold that the trial court should have granted Pillars' motion for discharge, made on August 3, 1977, as to Count I, the assault charge.

## II.

### Other Counts

On appeal, Pillars argues that the trial court erred when it denied his motion to dismiss Counts II, III, and IV, which were filed on August 19, 1977, four days before his jury trial.

In light of our decision that the trial court should have granted Pillars' motion for discharge on Count I, we are compelled to find that the trial court erred when it failed to dismiss Count II, threatening to

use a deadly or dangerous weapon, and Count III, aiming a weapon.

In *State v. Soucie* (1955), 234 Ind. 98, 123 N.E.2d 888, the Indiana Supreme Court considered a case in which the State failed to prosecute a defendant within the statutory time limit. The court held that defendant's discharge under the statute was a bar to further prosecution for the same offense, and that the order granting the discharge was the final judgment in the cause.

█ Thereafter, the court held that a discharge on one count effectively barred prosecution of a defendant on any lesser included offense. *Small v. State,* (1972), 259 Ind. 349, 287 N.E.2d 334.

Finally, in *Johnson v. State,* (1974), 262 Ind. 164, 313 N.E.2d 535, the court considered a case analogous to the one before us. In *Johnson,* appellants filed a motion for discharge on a charge of robbery; the motion was denied. Subsequent to the motion, appellants were charged with inflicting injury in the commission of a robbery. The Indiana Supreme Court held that appellants' motion for discharge on the robbery charge should have been sustained. Their motion for discharge on the subsequent charge of inflicting injury should have been treated as a motion to dismiss and should have been granted. The court noted that the offense of robbery is an indispensable element of the offense of inflicting injury in the commission of a robbery, and that both counts charged appellants with the commission of robbery. The discharge on one charge served to bar the State from prosecuting appellants on the other charge.

In the present case, Pillars was charged initially with assault with intent to kill. The information alleged that on May 14, 1976, Pillars did

"unlawfully and feloniously perpetrate and [*sic*] assault upon one Donald D. Knox, a humar being, by aiming and discharging a firearm at the said Donald D. Knox, with the felonious intent to kill the said Donald D. Knox. . . ."

On August 19, 1977, after the trial court should have sustained Pillars' motion for discharge on the assault charge, the State filed three additional charges. Of these, Count II, threatening to use a deadly or dangerous weapon, charged Pillars with threatening to use a pistol to harm Donald D. Knox. Count III, aiming a weapon, charged Pillars with purposely pointing and aiming a pistol at Donald D. Knox.

It is true that, *technically,* Counts II and III were not lesser included offenses under Count I, the assault charge. *Young v. State* (1967), 249 Ind. 286, 231 N.E.2d 797. However, Counts II and III accused Pillars of committing the same criminal acts which the State alleged in support of the greater offense of assault with intent to kill. The information charging the assault specifically accused Pillars of aiming a firearm with the intent to kill Knox. The probable cause affidavit detailed that Pillars aimed and pointed a pistol at Knox, threatening to kill him. Without proof of the latter charges, the State could not prove the former assault charge.[3]

The State was barred from prosecuting Counts II and III, which were brought against Pillars at a time after his motion for discharge should have been granted. The trial court erred in refusing to dismiss Counts II and III.

Nonetheless, we affirm the judgment as to Count IV, resisting arrest. If Pillars had wished to have additional time to prepare his defense, he could have moved for a continuance. *Butler v. State* (1978), Ind.App., 372 N.E.2d 190. In the alternative, Pillars could have sought a separate, later trial on the charge of resisting arrest, while proceeding to trial on the assault charge. The record shows that the State sought another continuance prior to

trial, again due to the unavailability of its witness. Pillars objected and the motion was denied. Pillars acquiesced in his trial on the newly-filed charge of resisting arrest. He failed to preserve his right to object on appeal.

We reverse the judgment as to Counts I, II and III. We affirm the judgment of the court as to Count IV.

GARRARD, P. J., concurs with opinion.

HOFFMAN, J., concurs in part and dissents in part with opinion.

GARRARD, Presiding Judge, concurring.

Our Criminal Rule 4 was designed to implement the right of an accused to a speedy trial, although its provisions do not constitute constitutional guarantees. *Cooley v. State* (1977), Ind.App., 360 N.E.2d 29. Thus, it has been frequently observed that the purpose of the rule is to provide prompt trials and not the discharge of defendants. *See, e. g., Utterback v. State* (1974), 261 Ind. 685, 310 N.E.2d 552. We have held on the one hand that the burden is upon the state to provide a speedy trial, *State ex rel. Brown v. Hancock Sup. Ct.* (1978), Ind., 372 N.E.2d 169; and on the other that the defendant may waive his rights under the rule if he stands by without objection when a trial is set out of time, *Smith v. State* (1977), Ind., 366 N.E.2d 170.

Within this context it appears to me appropriate to make the following observations about the plain language of the provisions of CR 4(C) and (F).

CR 4(C) requires that a defendant be brought to trial within one (1) year with three exceptions:

(1) Where a continuance was had on his motion;

---

**3.** A similar analysis was used to bar sentencing on both of two separate crimes in *McFarland v. State* (1979), Ind.App., 384 N.E.2d 1104. In that case, the evidence necessary to prove the statutory violence element of attempted armed robbery also proved the statutory elements of assault and battery. The Court of Appeals deemed assault and battery to be a lesser included offense of attempted armed robbery and

regarding both offenses as the same in deciding to merge the offenses to avoid double punishment of the defendant. The Court thus recognized that the two offenses charged addressed the same harm arising from the defendant's act; the principle of double jeopardy precludes more than one punishment in such a case. *See Elmore v. State* (1978), Ind., 382 N.E.2d 893.

(2) Where the delay was caused by his act; or

(3) Where there was not sufficient time to try him *during such period* because of congestion of the court calendar.

While the rule provides that the congested calendar exception be made to appear by affidavit of the prosecutor, our cases early held that the court could utilize this exception on its own motion. *See, e. g., Harris v. State* (1971), 256 Ind. 464, 269 N.E.2d 537. It should be noted, however, that the language of the rule refers to congestion that prevents trial *within the entire* one year period.

That does not mean that if a defendant could be tried the week following his arrest but at no other time during the year he would be entitled to discharge. The operation of the rule is fact oriented, and factually it may take considerable time to prepare for trial where all parties are diligently seeking prompt trial. On the other hand, I do not believe that either the spirit or the letter of the rule have been complied with if the state permits a case to totally languish for eleven months and then in a flurry of activity discovers the court's calendar too congested to permit trial within the remainder of the period.

Moreover, CR 4(F) extends the time period within which trial may be had by the amount of delay only for (a) a continuance granted on motion of the defendant; and (b) for *delay in trial* caused by the defendant.

When seeking discharge for violation of CR 4 the defendant must establish the lapse of time necessary to invoke operation of the portion of the rule he relies upon and his timely objection. However, when this is done I believe the burden must rest with the state to establish the trial as timely through the operation of one or more of the exceptions.

Pillars established the lapse of one year. While his motion for discharge was not made until eleven days after the May 17 trial date was continued, it appears that neither he nor counsel were present when the continuance was ordered. I would find his objection timely.

Was the June 7th setting permissible within the rule? The one year period was clearly extended for seven (7) days by the continuance Pillars had secured May 21, 1976. CR 4(F).

The state argues that both the attorney's motion to withdraw and the order to make more specific disclosure on discovery were delays which should also extend the time for trial pursuant to CR 4(F). We are reminded that it is not the motive for the delay but its effect that triggers the extension provided by CR 4(F). *Bradberry v. State* (1977), Ind., 364 N.E.2d 1183. But what was the effect?

Counsel's motion for leave to withdraw was filed after the court entered its order for discovery and set the date for an omnibus hearing. It was disposed of seventeen days before the omnibus hearing was held as originally scheduled. There is no showing that it contributed to the order for more specific discovery. In short, there is no factual basis for finding that it caused "delay *in trial.*"

Our consideration of whether the order for additional discovery caused a delay in trial is hampered by the fact that although the clerk certified the transcript as the complete record of the proceedings, it contains neither the original discovery order nor the proceedings or order of April 18. Nevertheless, the entry of April 18 does not indicate that Pillars delayed the trial. It appears the continuance of May 16th was improper unless congestion of the calendar prevented the trial.

The continuance entered by the court, apparently on its own motion, on May 16th did *not* recite that the reason was congestion. The court speaks only through its order book. *State ex rel. Taylor v. Offutt* (1956), 235 Ind. 552, 135 N.E.2d 241. It is my belief that the court must disclose at the time the continuance is granted that the reason is congestion. In addition the case had already been set for trial May 17. Thus, merely reciting congestion would

have been meaningless. The continuance might be permissible if it occurred because the case was set as an alternative case to be tried on the same day as another criminal case, and the other case, which was set for trial first, actually went to trial. It would also be permissible if a trial commenced before the date was not completed as anticipated and thus precluded commencing the trial in question. However, no such entry was made May 16th. Nor was any reason or explanation suggested for the more than nine months that elapsed between arraignment and the date the court on its own motion ordered discovery and omnibus hearing.

I would conclude that the continuance on the court's motion from May 17 until June 7 was improper and Pillars was entitled to discharge on Count I.

I concur with Judge Staton regarding the double jeopardy bar as to Counts II and III, and the affirmance of Count IV.

HOFFMAN, Judge, concurring in part and dissenting in part.

I concur in that part of the majority opinion which affirms Pillars' conviction on Count IV. I also agree that the seven-day delay caused by the continuance of the arraignment is chargeable to Pillars. With the remainder of the opinion, however, I cannot agree.

The record in this case shows that Pillars' counsel filed a motion to withdraw based upon Pillars' failure to contact or cooperate with counsel. A hearing was held fifteen days later, at which time the motion was denied. Plainly, the delay caused by this motion did not end until that ruling. See: Shack v. State (1972), 259 Ind. 450, 288 N.E.2d 155; Rudy v. State (1976), Ind.App., 341 N.E.2d 516. Since any act of counsel is deemed to be an act of the defendant, the filing of the motion to withdraw occasioned a delay attributable to Pillars.

The record also shows that at the omnibus hearing held April 18, 1977, not only did the court order Pillars to comply more fully with discovery, but it also scheduled a further omnibus hearing "by which time said

additional discovery should be complete." Clearly, the scheduling of this second hearing, necessitated by Pillars' noncompliance with discovery, delayed Pillars' trial. Regardless of whether that noncompliance was willful or innocent, the delay occasioned by the noncompliance (fourteen days) was chargeable to Pillars. For, as stated in State v. Moles (1975), Ind.App., 337 N.E.2d 543, at 553, it is the effect of a defendant's act, not his motive, which determines whether the resulting delay is chargeable to him.

As I would find that each of the three delays were properly charged to Pillars by the trial court, I would find that the June 7th trial setting did indeed meet the requirements of CR. 4(C).

Furthermore, even if the seven-day delay was the only one properly charged to Pillars (thus making May 24 the last permissible trial date), I would hold that there was no timely objection to the June 7th trial setting.

Assuming that Pillars' counsel did not learn of the resetting of the trial date on May 16, it is inconceivable that he would not have learned of it on May 17, the originally scheduled trial date. When the case did not proceed to trial on that date, the fact that it had been reset would be obvious. Thus, Pillars had ample opportunity to file his objection to a setting later than May 24.

The majority reasons that Pillars had no notice of that setting because "Pillars' attorney claims he was unable to obtain the docket sheet until May 26, 1977." But the affidavit of Pillars' attorney, filed in support of his August 3, 1977 Motion for Discharge, discloses that Pillars' attorney received notice of the rescheduling by mail "several days" after the June 7th date was set. Nowhere in that affidavit does Pillars' counsel allege that he had no actual notice of the June 7th setting until he examined the docket sheet on May 26, 1977, nor does he allege that he received actual notice after May 24. In fact, Pillars' counsel alleged in that same affidavit that he tried to

locate the docket sheet several times during the week following the clerk's notice in order to *verify, not determine,* the new trial date.

On this record I would hold that Pillars had an opportunity, albeit a brief one, to object to the June 7th trial setting before the May 24 deadline passed. As he failed to timely object, he waived his right to complain of the setting.

For all the above reasons I would hold that Pillars was brought to trial within the requirements of CR. 4(C) and that the court below properly denied his Motion for Discharge.