Wiley OLIVER, Appellant,

v.

STATE of Indiana, Appellee.

No. 181S9.

Supreme Court of Indiana.

Feb. 15, 1982.

Ralph E. King, Public Defender of Vigo County, Terre Haute, for appellant.

Linley E. Pearson, Atty. Gen., Carmen L. Quintana, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Appellant was charged with and convicted of two armed robbery offenses pursuant to Ind. Code § 35–42–5–1. In the separate offenses he was charged with the armed robbery of Richard Wilbur, an agent of Church's Fried Chicken on March 30, 1980, in Vigo County and the armed robbery of Michael Servie, an agent of an I.G.A. Store on the same date and in the same county. He received a twelve-year sentence on each count to run concurrently, and now appeals challenging the denial of the trial court of his motion to discharge for failure to bring him to trial in conformity with Ind.R. Crim.P. 4(B)(1), and the sufficiency of evidence to convict in several respects.

## I.

Appellant moved for a trial within seventy days pursuant to Ind.R.Crim.P. 4(B)(1). The cause was set for trial to commence on July 7, 1980, the last day allowing compliance with the rule. On July 1, 1980, the trial court ordered the prospective jurors to report on July 8, and in response to a July 7 motion of the appellant for discharge and a motion of State for continuance, reset the trial for July 8 and released appellant on his own recognizance on the charges, but required him to be recognized for appearance on a probation violation charge stemming from a prior conviction and the arrest on the two pending outright charges. In denying appellant's motion for discharge the trial court explained that the heavy trial schedule of the court including a required adversary probable cause hearing had prompted his decision to delay commencement of the trial to July 8. The trial court also denied a second motion for discharge filed on July 8.

The actions of the trial court on July 1 are correctly to be characterized as having been done on the court's own motion and as having been the effective decision delaying the trial beyond the time limit. Such action is consonant with the rule if based upon congestion of the court calendar. *Harris v. State*, (1971) 256 Ind. 464, 269 N.E.2d 537. That condition was ful-

filled here. The release of appellant on his own recognizance in the pending outright charges likewise satisfied the condition of the incorporated requirement of Criminal Rule 4(A) that the defendant be released on his own recognizance. There is no right granted in the rule to a speedy trial upon pending probation or parole revocation proceedings stemming from the same conduct or episode; and no right to release from confinement because of related revocation action is contemplated in the rule when the defendant is detained beyond the time limitation for trial on charges.

## II.

Appellant contends that the evidence serving to identify him as the perpetrator of the robbery of Mr. Wilbur at the restaurant and to prove that Mr. Wilbur handed over any money because of the threat of force, was insufficient. In dealing with this question on appeal we do not weigh the evidence nor resolve questions of credibility but look to the evidence and reasonable inferences therefrom which support the verdict. *Smith v. State*, (1970) 254 Ind. 401, 260 N.E.2d 558. The claim will be rejected if from that viewpoint there is evidence of probative value from which a reasonable trier of fact could infer that appellant was guilty beyond a reasonable doubt. *Glover v. State*, (1970) 253 Ind. 536, 255 N.E.2d 657; *Taylor v. State*, (1973) 260 Ind. 64, 291 N.E.2d 890.

Joseph Adbydya, an employee of the restaurant, was an eyewitness to the events. He testified that appellant entered the place, pulled out a gun, pointed it at Mr. Wilbur and demanded that the cash register be opened. Moments later he saw appellant jump from behind the counter to the lobby area and flee the building. Mr. Adbydya identified appellant as the person who committed the robbery. Mr. Wilbur was not a witness at the trial, but an officer testified that his investigation determined that approximately $450 was taken in the robbery. This evidence was substantial and sufficient to warrant the jury in concluding to a certainty beyond a reasonable doubt that mon-

ey was taken from Mr. Wilbur by threat of force and that appellant was the person who did so.

## III.

Appellant next claims that the evidence was insufficient to identify him as the person who robbed Michael Servie at the I.G.A. store. Mr. Servie testified that appellant entered the store, pulled a gun, and ordered him to hand over all the money. He complied, and appellant fled the store. This description was corroborated by a customer who also identified appellant in trial and by an employee who described the clothing worn by the perpetrator. This was substantial evidence and sufficient to warrant the jury in concluding to a certainty beyond a reasonable doubt that appellant was the person who committed this robbery.

The convictions are affirmed.

GIVAN, C.J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.