George **NICHOLAS,**
**Respondent-Appellant,**

v.

Minerva **NICHOLAS,**
**Petitioner-Appellee.**

No. 1–784A165.

Court of Appeals of Indiana,
First District.

Sept. 16, 1985.

Frank E. Spencer, Indianapolis, for respondent-appellant.

ROBERTSON, Judge.

Respondent-appellant George Nicholas (George) appeals from a judgment of the Hancock Superior Court finding George in contempt for the failure to pay support and expenses of his daughter's college education.

We reverse.

On January 20, 1971, George's marriage to Minerva Nicholas (Minerva) was dissolved. The Final Decree of Dissolution provided in pertinent part:

> The Court further finds that [George] shall be responsible for the payment of any and all educational expenses of the minor children of the parties hereto beyond a Twelvth [sic] Grade Education....
>
> IT IS THEREFORE, CONSIDERED, ORDERED, ADJUDGED AND DECREED by the Court that the bonds of matrimony, heretofore existing between [Minerva and George] be and they hereby are dissolved, and that [Minerva] is granted an absolute divorce from [George] and that the parties are ordered to execute said documents as required above immediately.

George and Minerva's oldest daughter Susan entered college and, to meet her expenses, she applied for two student loans of $2,500 each. George was unaware that Susan had incurred the loan obligations; he was never asked to pay on the student loans. Nonetheless, on September 7, 1983, Minerva filed a petition to hold George in contempt for failure to make such educational payments. The court ordered George to pay $5,000 to Susan or substitute another loan in the amount of $5,000.

■ One issue is dispositive of this appeal: whether the trial court erred by finding George in contempt for failing to pay $5,000 for Susan's college expenses. Because Minerva has not submitted an appellee's brief, George may obtain a reversal upon demonstrating prima facie error. *Paxton v. Paxton,* (1981) Ind.App., 420 N.E.2d 1346, 1348.

The judgment of contempt was entered against George pursuant to IND.CODE § 34-4-7-3 (1982): "Every person who shall be guilty of any willful disobedience of any ... order lawfully issued by any court ... shall be guilty of an indirect contempt of the court...." Two grounds for reversal exist.

■ First, no court order was issued which would direct George to pay $5,000 for Susan's college expenses. To punish a person for being in contempt of a court's order, there must be an order or decree commanding the accused either to do or to refrain from doing something. *Clark v. Clark,* (1980) Ind.App., 404 N.E.2d 23, 37. Admittedly, the divorce decree included a finding that George was responsible for the payment of educational expenses beyond the twelfth grade. However, the rights of the parties were governed by the judgment portion of the decree and not the recitals. *Farley v. Farley,* (1973) 157 Ind.App. 385, 392, 300 N.E.2d 375, 380.

■ Even if the finding had been included in the judgment portion of the decree, it could not have been the basis of a contempt proceeding. An order or judgment which merely declares the rights of the parties without any express command or prohibition cannot provide the foundation for contempt proceedings. *Clark v. Clark, supra.* The provision in the divorce decree that George was responsible for any college expenses was indefinite; it was not an express command, violation of which would give rise to a judgment of contempt. *See id.*

The second ground for reversal is that there was no willful disobedience by George. *See Whitman v. Whitman,* (1980) Ind.App., 405 N.E.2d 608. Neither Susan nor Minerva asked George to pay on the student loans. George was not aware that the loan obligations had been incurred. Thus, the requisite intent under IND. CODE § 34-4-7-3 was lacking.

George has demonstrated prima facie error in the entry of the contempt judgment.

Judgment reversed.

RATLIFF, P.J., and NEAL, J., concur.