**Jo Ann BABCOCK, Appellant (Petitioner Below),**

v.

**Charles Emsley BABCOCK, Appellee (Respondent Below).**

No. 06A04–8603–CV–98.

Court of Appeals of Indiana, Fourth District.

Oct. 15, 1986.

Frank E. Spencer, Indianapolis, for appellant.

David E. Schnorr, James N. Scahill, Schnorr, Good & Olvey, Indianapolis, for appellee.

CONOVER, Presiding Judge.

Petitioner/Appellant Jo Ann Babcock (Jo Ann) appeals the trial court's computation of interest in a contempt proceeding for failure to pay interest on alimony.

We affirm.

ISSUES

Jo Ann presents two issues for our review which we consolidate and restate as

 1. whether the trial court erred in awarding only simple interest on an unpaid alimony judgment.[1]

FACTS

A dissolution decree for the marriage of Charles Babcock (Charles) and Jo Ann was entered on July 31, 1975. A portion of the decree stated

> 9. The wife shall have an alimony judgment in the total amount of Forty-eight Thousand Four Hundred Dollars ($48,-400.00), payable at the rate of Four Hundred Dollars ($400.00) per month for the period of one hundred twenty-one (121) months with the first monthly payment due and payable on the 15th day of August, 1975 and on the same day of each month thereafter.

(R. 9). The court later granted Jo Ann's motion to correct errors concerning interest. The court at that time ordered

> That Rhetorical Paragraph 9 of the findings thereof be amended by adding thereto "such alimony judgment to bear interest at the rate of 7% per annum."

(R. 16).

After various disputes between the parties, Jo Ann and Charles entered into an "Agreement to Compromise and Settle and to Alter, Amend and Modify the Dissolution Decree." Paragraph 4g of the agreement provided:

> g. The interest on the alimony judgment due on July 31, 1976, shall be paid by Husband on or before September 6, 1976, and the interest due on such alimony judgment thereafter shall be paid by Husband on or before the 31st day of July of each calendar year thereafter.

(R. 23). The court's order of December 3, 1976 stated

> This cause came before the Court on Charles Emsley Babcock's "Motion for Court Approval of Agreement to Compromise and Settle and to Alter, Amend and Modify Dissolution Decree" which said Motion reads as follows:

---

**1.** Although the monthly payments are referred to as "alimony," they are actually a division of the marital property payable in installments. A lump sum bearing interest, to be paid off in installments, which does not exceed the marital estate, and does not terminate at the death of either party, is actually a division of the marital property or "alimony in gross." *See Coster v. Coster* (1983), Ind.App., 452 N.E.2d 397; *Van Riper v. Keim* (1982), Ind.App., 437 N.E.2d 130.

(H.I.)

And the Court having examined this Motion, the Exhibits attached thereto, having reviewed the evidence received on August 6, 1976 as to the agreement of the parties as referenced in said Motion and being otherwise duly advised now finds that said Motion should be in all respects GRANTED.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the agreement reached by the parties on August 6, 1976, which said agreement is incorporated and referenced in Charles Emsley Babcock's said Motion, be, and the same hereby is, in all respects approved and that the findings and orders which pertain to visitation as set forth in this Court's "Dissolution Decree" entered July 31, 1975, be, and all of the same hereby are, altered, amended and modified to now provide as follows: ...

(R. 27). However, the order's provision thereafter only modified the former custody order, nothing therein dealt with the interest provisions contained in paragraph 4g of the parties' compromise and settlement agreement.

On June 18, 1985, Jo Ann filed an affidavit for Citation For Contempt alleging Charles had failed to pay child support and interest on the alimony judgment.

The parties stipulated the following facts:

Parties appear by counsel and advise the Court of the following stipulations:

1. Respondent in arrears the sum of four thousand thirty dollars ($4,030.00);

2. The respondent made interest payment of three thousand two hundred six dollars ($3,206.00) on August 15, 1976, and two thousand six hundred forty-two dollars sixty-seven cents ($2,642.67) on August 15, 1977, leaving a shortage of two hundred twenty-seven thirty-three cents ($227.33) as of August 15, 1977;

3. Respondent has paid in addition to the foresaid interest the sum of forty-eight thousand four hundred dollars ($48,400.00) towards the judgment;

4. That attorney fees of two hundred fifty dollars ($250.00) will be allowed for the bringing of this proceeding.

(R. 36).

For the purposes of this appeal, the pertinent part of the court's award was that the alimony judgment is subject to only simple interest and Charles was ordered to pay the unpaid interest in the amount of $11,092. From this judgment Jo Ann appeals.

DISCUSSION AND DECISION

■ Jo Ann contends the trial court's award of simple interest was contrary to law and contrary to the facts. None of the facts in this case are in dispute. When reviewing an allegation the trial court misapplied the law, our task is to apply the law to the undisputed facts. *Lee v. Estate of Cain* (1985), Ind.App., 476 N.E.2d 922, 923; *Dowell v. Fleetwood* (1981), Ind.App., 420 N.E.2d 1356, 1359.

Although neither party addresses the issue of when payments became due, it is one of the determining factors in this case.

■ The court granting dissolution made no provisions in the decretal portion of the decree for payment of interest. In the parties' joint Motion for Court Approval of Agreement to Compromise and Settle and Alter, Amend and Modify Dissolution Decree, paragraph 4g provided interest payments were due each July. While the preliminary recitals to the court's order of December 3, 1976, stated, "said motion should be granted in all respects," (R. 27), in the decretal provisions, it failed to order the payment of interest each year as the parties had agreed in paragraph 4g of the motion.

Our Supreme Court recently spoke on this subject. It said

It is well settled that a trial court has the discretion to accept, modify, or reject in whole or part a settlement agreement. Ind.Code § 31–1–11.5–10(b) (Burns 1980 Repl.); *Anderson v. Anderson,* (1979) Ind.App., 399 N.E.2d 391; *Waitt v. Waitt,* (1977) 172 Ind.App. 357, 360 N.E.2d 268; *Flora v. Flora,* (1975) 166 Ind.App. 620, 337 N.E.2d 846. In light of

this rule, it is vital to effective and intelligent appellate review that *express and unequivocal language be required to effectuate the incorporation and merger of a settlement agreement,* as per Ind. Code § 31–1–11.5–10, *supra,* and case authority regarding the incorporation and merger of extraneous documents. *See, e.g., State v. Doane,* (1974) 262 Ind. 75, 311 N.E.2d 803; *Bircher v. Wasson,* (1962) 133 Ind.App. 27, 180 N.E.2d 118. Otherwise, particularly where a partial acceptance and rejection was at issue, the resolution of the question whether the trial court intended to incorporate and merge a settlement agreement or particular portions thereof would be dependent on conjecture. In our attempt to decipher trial courts' true intentions, it would be inevitable that, as here, conclusions would be reached in a manner inconsistent with the long-standing rule that *a court speaks only through its official orders and entries. Blum's Lumber and Crating, Inc. v. James,* (1972) 259 Ind. 220, 285 N.E.2d 822; *State ex rel. Taylor v. Offutt,* (1956) 235 Ind. 552, 135 N.E.2d 241. (Emphasis added).

*Meehan v. Meehan* (1981), Ind., 425 N.E.2d 157, 159. *See also, Nicholas v. Nicholas* (1985), Ind.App., 482 N.E.2d 770, 771. Thus, paragraph 4g was not part of the court's order and Jo Ann had no right to the interest payments until the court ruled in 1985, Charles should pay the interest.

█ Both parties claim *Indiana Telephone Corp. v. Indiana Bell Telephone Co.* (1977), Ind.App., 360 N.E.2d 610; controls this case. We agree. In that case Judge Sullivan said "so in ascertaining the amount due on a note made payable with interest annually; simple interest only is to be computed; and interest on the interest will not be allowed." *Indiana Telephone Corp.,* 360 N.E.2d at 612.

The court stated the law in Indiana. "The general rule is that compound interest is not allowed as damages. Logically, it would seem that if a note or other pecuniary obligation is payable with in-

terest annually or at other stated periods, and there is default extended over several interest periods, the promisee should recover interest not only on the principal sum but on the various broken obligations to pay interest. Such, however, is not the general rule of law." Williston, *Contracts,* § 1417 (3d Ed. 1968); *see also* 10 A.L.R.3d at §§ 2, 4.

360 N.E.2d at 612.

Judge Sullivan noted two exceptions. The first involves merchants, an exception inapplicable in this case. The second, involving compounding interest as punishment of the defendant, Jo Ann believes applies here. Discussing that exception, the telephone case says

Another exception to the general rule denying compound interest grows out of the conduct of the defendant; where that is grossly delinquent or intentionally contrary to his duty, compound interest is sometimes inflicted by way of punishment. Where partial payments have been made in cash, or by rents and profits, or otherwise, the payments are to be first applied to the satisfaction of the interest then due, and the balance only is to go towards the reduction of the principal." Sedgwick, *Damages,* 473 (6th Ed. 1874), *see also* Sedgwick, *Damages* (9th Ed.1920); McCormick, *Damages* § 53 (1935); 27 A.L.R. 81.

360 N.E.2d at 612.

In the case before us, the dissolution court failed to order the payment of interest. Therefore, Charles had no duty to pay the simple interest until the Contempt Citation judgment was entered in 1985.

Accordingly, the trial court is affirmed.

MILLER and YOUNG, JJ., concur.