STATE of Indiana, Plaintiff-Appellant,

v.

Robert THARP, Morris Walters, Defendants-Appellees.

No. 2–1279A384.

Court of Appeals of Indiana, First District.

July 15, 1980.

Stephen Goldsmith, Pros. Atty., Larry Sells, Deputy Pros. Atty., Theodore L. Sendak, Atty. Gen., Palmer K. Ward, Deputy Atty. Gen., Indianapolis, for plaintiff-appellant.

David L. Foutty, Richard J. Hartman, Hartman & Foutty, Indianapolis, for defendant-appellee Morris Walters.

RATLIFF, Judge.

STATEMENT OF THE CASE

The State appeals from the judgment of the trial court sustaining the motion for discharge of appellees Robert Tharp and

Morris Walters on the ground that prosecution of all counts of the information against Tharp and Walters was barred because the defendants had not been brought to trial within the time limit prescribed by Ind. Rules of Procedure, Criminal Rule 4.[1]

We affirm.

## STATEMENT OF FACTS

On November 19, 1977, an information was filed against Tharp and Walters charging them with theft. This charge was dismissed by the State on February 3, 1978. On March 8, 1978, an indictment was returned against Tharp and Walters charging them with theft.[2] The indictment was dismissed upon the defendants' motion, subject to the State's right to amend, on April 14, 1978. Apparently, the charges were filed again on July 13, 1978, and dismissed by the State on April 25, 1979. All of these prosecutions charged Tharp and Walters with the November 18, 1977, theft of certain described frozen food products from Mid-West Food Center, Inc.

On April 25, 1979, the State filed an information in three counts. Count I charged Tharp and Walters with conspiracy to commit theft; Count II charged Tharp with theft on November 18, 1977, of the frozen food products from Mid-West Food Center, Inc.; and Count III charged Walters with theft by aiding Tharp in the theft of the frozen food products. Tharp and Walters each filed motions to dismiss which were sustained as to Count I. On July 12, 1979, the State filed an amended Count I which charged that Tharp and Walters "from on or about July 1, 1977 to and including on or about the 18th day of November, A.D. 1977" with conspiring to commit theft of certain described frozen food products from Mid-West Food Center, Inc. This amended Count I charged as overt acts committed in furtherance of the conspiracy the November 18, 1977, theft by Tharp of the same frozen food products, and the aiding of Tharp by Walters in the commission of the same theft. All of the charges have been predicated upon the theft on the same date of the same items from the same place. On August 7, 1979, Walters filed a motion for discharge under C.R.4(C), and Tharp filed a like motion on August 23, 1979. On August 24, 1979, the State filed a motion to amend Count I further by striking the words "with intent to deprive Mid-West Food Center, Inc. of the value and use of said property" from each of the alleged overt acts in Count I. The trial court denied this motion to amend and sustained the motions for discharge.

## ISSUES

1. Did the court err in granting the motions for discharge as to the conspiracy charge against the defendants?

2. Did the court err in denying the State's August 24, 1979, motion to amend Count I of the amended information (the conspiracy count)?

## DECISION

*Issue One*

■ The precise question presented by this appeal is whether or not the State of Indiana may prosecute two defendants for conspiracy to commit a crime after prosecution for the substantive offense which was the subject of the conspiracy admittedly is barred by the failure to meet the time requirements of C.R.4(C).[3] The State ear-

---

1. The right to appeal from the sustaining of such a motion for discharge is specifically granted to the State by IC 35–1–47–2.

2. The first two charges were filed in Marion Superior Court, Criminal Division, Room 1. Later charges were filed in Marion Superior Court, Criminal Division, Room 3, on April 25, 1979, and amended thereafter.

3. The State admits in its brief that prosecution of the theft charge is barred by C.R.4(C). Appellant's brief pp. 4–5. C.R.4(C) provides:

"No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where a continuance was had on his motion, or the delay was caused by his

nestly contends that because conspiracy to commit theft is not an included offense in a charge of theft and *vice versa*, prosecution of the conspiracy charge after the running of C.R.4(C) against the theft charge is not precluded. On the other hand, Walters contends [4] that the failure to bring the defendants to trial on the theft charge within the time limit prescribed by C.R.4(C), which failure is conceded by the State, not only required the discharge of the defendants on the theft charge, but also deprived the State of any prosecution growing out of the same set of facts, specifically the conspiracy charge. For the reasons stated in this opinion, we agree with Walters.

■ We agree that defendants may be charged with a criminal offense and conspiracy to commit that offense and may be convicted and sentenced for both the offense and the conspiracy. *Elmore v. State*, (1978) Ind., 382 N.E.2d 893; *Collier v. State*, (1977) Ind.App., 362 N.E.2d 871. We do not agree, however, that these cases give the State a right to prosecute for conspiracy to commit an offense after prosecution for that offense is time-barred under C.R.4.

The State contends the issue before us is controlled by *Durke v. State*, (1932) 204 Ind. 370, 183 N.E. 97. In *Durke, supra*, the defendant was charged in separate affidavits with burglary and conspiracy to commit burglary, both charges growing out of the same incident. The burglary charge was dismissed after the State's evidence at the burglary trial failed to identify Durke as one of the parties committing the burglary. Durke argued that, since the two charges grew out of the same transaction, the State had to elect with which charge it would proceed and the State was barred from proceeding with the conspiracy charge

by double jeopardy principles. Our Supreme Court rejected such contention holding that the burglary prosecution, regardless of its outcome, would not bar the conspiracy prosecution. However, *Durke, supra*, does not involve a situation where prosecution of the substantive offense was barred for failure to bring the case to trial within the prescribed time limit of the applicable speedy trial rule. *Durke, supra*, therefore, is not in point here.

In *Pillars v. State*, (1979) Ind.App., 390 N.E.2d 679, the defendant was charged on May 17, 1976, with assault with intent to kill. On August 19, 1977, the State filed additional charges of threatening to use a deadly weapon and aiming a weapon. All of these charges involved an assault allegedly made by defendant upon Donald D. Knox by means of aiming and firing a firearm at Knox. The case was not brought to trial until August 22, 1977, more than one year after the filing of the original charge. Pillars had filed a motion for discharge on August 3, 1977, and filed a motion to dismiss the additional charges on August 22, 1977. Judge Staton [5] writing for the Court held that C.R.4 had clearly run against the initial charge of assault with intent to kill, and also against the additional charges in Counts II and III (the threatening to use a deadly weapon and aiming a weapon charges) stating at 390 N.E.2d 684:

"It is true that, *technically*, Counts II and III were not lesser included offenses under Count I, the assault charge. *Young v. State* (1967), 249 Ind. 286, 231 N.E.2d 797. However, Counts II and III accused Pillars of committing the same criminal acts which the State alleged in support of the greater offense of assault

---

act, or where there was not sufficient time to try him during such period because of congestion of the court calendar; provided, however, that in the last-mentioned circumstance, the prosecuting attorney shall file a timely motion for continuance as under subdivision (A) of this rule. Any defendant so held shall, on motion, be discharged."
No contention is made that this case comes within any recognized exception to the requirements of C.R.4(C). (*See* C.R.4(D).)

4. Tharp did not file an appellee's brief.

5. Judge Garrard concurred in a separate opinion. Judge Hoffman dissented stating in his opinion that C.R.4 had not run against the first charge, and, therefore, did not address the question of C.R.4 and the later charges.

with intent to kill. The information charging the assault specifically accused Pillars of aiming a firearm with the intent to kill Knox. The probable cause affidavit detailed that Pillars aimed and pointed a pistol at Knox, threatening to kill him. Without proof of the latter charges, the State could not prove the former assault charge."

In *Pillars, supra*, this court relied upon *Small v. State*, (1972) 259 Ind. 349, 287 N.E.2d 334, holding that a discharge for failure to prosecute within the prescribed time limit also barred prosecution of any lesser included offense, and upon *Johnson v. State*, (1974) 262 Ind. 164, 313 N.E.2d 535, holding that a motion for discharge of a robbery charge should have been granted and that a motion for a discharge of a subsequent charge of inflicting injury in the commission of a robbery should have been treated as a motion to dismiss and sustained.

In a strikingly similar case, the Supreme Court of Washington held that after prior embezzlement charges against a public officer had been dismissed pursuant to that state's speedy trial rule, subsequent prosecution for falsification of accounts involving the same facts was likewise barred. *State v. McNeil*, (1978) 20 Wash.App. 527, 582 P.2d 524. That court relied strongly upon the ABA Standards Relating to Speedy Trial, § 4.1 (Approved Draft 1968). The court said at 582 P.2d 528:

"If the time frames of CrR 3.3 [the speedy trial rule] are not met, the offense charged, along with any other offense required to be joined with that offense, shall be absolutely discharged. [Our insertion.]

"To deny Mr. McNeil's motion to dismiss charges which would have been joined with charges earlier dismissed because he was denied a speedy trial under CrR 3.3 allows the prosecutor to circumvent the intent of the rules and the strict construction given to them by our courts.

"Here the prosecutor knew or should have known of the offenses alleged in the second information at the time he filed the initial charges. . . .

"Under these circumstances, we cannot allow the prosecutor to do indirectly what the lack of speedy trial prevented him from doing directly. Piecemeal prosecutions such as this promote circumvention of the intent of the speedy trial rules and the related concepts of fundamental fairness contained in joinder and severance principles."

It is clear that the conspiracy charge here could have been joined with the theft charge under our statute pertaining to joinder of offenses. IC 35–3.1–1–9(a)(2). Further, it is inconceivable that a prosecutor having sufficient knowledge and information to charge two persons with theft, would not at the same time, and as a result of the same information, have knowledge of the existence of a conspiracy by them to commit the theft.

In a very recent case the Supreme Court of Ohio held that a conviction for robbery prior to the death of the robbery victim did not bar a subsequent prosecution of the defendant for involuntary manslaughter. *State v. Thomas*, (1980) 61 Ohio St.2d 254, 400 N.E.2d 897. The *Thomas* decision was based upon application of the double jeopardy provisions of both the Ohio and federal Constitutions; however, certain statements of the court are relevant to our discussion of the issue here. The Supreme Court of Ohio said at 400 N.E.2d 903–4:

"We believe that, if the victim of the robbery had died prior to the first trial, the state could have sought convictions, and the defendant could have been sentenced, for both crimes in one trial. Conversely, under such facts, a subsequent prosecution would require the relitigation of factual issues already resolved in the earlier trial, and the state would, by the holdings in [*Ashe v. Swenson*, (1970) 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469, and *Harris v. Oklahoma*, (1977) 433 U.S. 682, 97 S.Ct. 2912, 53 L.Ed.2d 1054] be barred from later prosecuting the second offense. [Our insertion.]

\*　　\*　　\*　　\*　　\*　　\*

" 'An exception may exist where the State is unable to proceed on the more serious charge at the outset because the additional facts necessary to sustain that charge have not occurred or have not been discovered despite the exercise of due diligence.' [Citations omitted.]

"The courts have long held that where a fact necessary to the commission of one offense occurs after the defendant has been convicted of another offense, multiple prosecutions are not barred by the Double Jeopardy Clause. . . .

"The general rule banning multiple prosecutions for offenses arising out of the same course of conduct is intended to protect the defendant and the general public from the prosecution's misconduct. It insures that neither the defendant nor the public will be subjected to an unnecessary multiplication of legal expenses by conducting multiple trials when only one is necessary. It further insures that the accused will not be unduly harassed by being forced to 'run the gauntlet' more times than is necessary. . . ."

We are convinced that these observations of the Supreme Court of Ohio are as applicable to the situation before us as they were to the double jeopardy problem addressed by that court.[6]

■ The message of *Pillars, supra,* and the other authorities cited is clear. The State may not, subsequent to a criminal charge becoming time-barred under C.R. 4(C), and the defendant either having been discharged pursuant to proper motion filed thereunder, or being eligible for discharge upon such motion, subject the defendant to a related charge, although not strictly an included offense, growing out of the same transaction, incident, events, or set of facts, which facts or events had occurred and were known or, in the exercise of due diligence, should have been known to the State, and which related charge could have been joined with the initial charge pursuant to IC 35–3.1–1–9(a)(2). Under such circumstances, C.R.4(C) also bars the prosecution of such related offense.

■ We hold, therefore, that where two or more defendants have been charged with a criminal offense, where prosecution of the defendants for such offense is barred for failure to bring the case to trial within the time limits prescribed by C.R.4, and where the defendants have been thereby discharged or have sought discharge by appropriate motion, the State may not thereafter prosecute the same defendants for a conspiracy to commit the same criminal offense which was the subject of the original charge.

## Issue Two

The proposed amendment to the conspiracy count would not change our decision on

---

6. It is perhaps significant to note the following provisions of IC 35–3.1–1–10:

" * * *

"(b) When a defendant has been charged with two [2] or more offenses in two [2] or more indictments or informations and the offenses could have been joined in the same indictment or information under section 9(a)(2) of this chapter, the court, upon motion of the defendant or the prosecuting attorney, or on its own motion, shall join for trial all of such indictments or informations unless the court, in the interests of justice, orders that one [1] or more of such offenses shall be tried separately. Such motion shall be made before commencement of trial on either of the offenses charged.

"(c) A defendant who has been tried for one [1] offense may thereafter move to dismiss an indictment or information for an offense which could have been joined for trial with the prior offenses under section 9 of this chapter. The motion to dismiss shall be made prior to the second trial, and shall be granted if the prosecution is barred by reason of the former prosecution.

"(d) A defendant who has entered a plea of guilty to one [1] offense may thereafter move to dismiss an indictment or information for a related offense and such motion shall be granted if the plea of guilty was entered on the basis of a plea agreement in which the prosecutor agreed to seek or not to oppose dismissal of other related offenses or not to prosecute other potential related offenses.

"(e) For purposes of this section, two [2] or more offenses which are within the jurisdiction of the same court and which could have been joined in one [1] prosecution constitute related offenses. [IC 35–3.1–1–10, as added by Acts 1973, P.L. 325, § 3, p. 1750; 1978, P.L. 2, § 3529, p. 2.]"

Issue One. Therefore, there was no error in the denial of the State's motion to amend.

Judgment affirmed.

ROBERTSON, P. J., and NEAL, J., concur.