**Salem**

ROY EDWARD CLARK

v.

COMMONWEALTH OF VIRGINIA

No. 1198-85

Decided March 3, 1987

COUNSEL

Malcolm G. Crawford, for appellant.

Margaret Poles Spencer, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**BARROW, J.** — In this criminal appeal we conclude that prosecution of conspiracy charges is barred where charges for the underlying substantive offenses have been dismissed for lack of a speedy trial. We reverse the defendant's convictions.

The defendant was charged with attempted robbery, use of a firearm in the commission of a felony and unlawful wearing of a mask. The offenses occurred on January 3, 1984. On February 1, 1984, the general district court found probable cause that the defendant committed the offenses; on April 3, 1985, the indictments were dismissed because the Commonwealth failed to bring the defendant to trial within five months as required by Code § 19.2-243.

In the following month, the Commonwealth indicted the defendant for conspiracy to commit the three substantive offenses which had been dismissed for lack of a speedy trial. The defendant moved to quash these indictments asserting they too were barred by Code § 19.2-243, but the trial court denied the motion.[1]

---

[1] The Commonwealth contends that the record on appeal is inadequate since it does not include the records of the prior proceedings which were dismissed. However, the defendant's motion to quash these indictments fully describes the underlying facts, and the trial judge's letter responding to the motion confirms that the underlying substantive

■ The statutory provision governing speedy trials does not expressly address the issue raised by the defendant's motion. It simply provides that, if an accused is held continuously in custody on the charge of a felony and is not brought to trial within five months from the date probable cause is found, he must be "forever discharged from prosecution *for such offense.*" Code § 19.2-243 (emphasis added). Therefore, we must determine what offenses the legislature intended to be barred by this provision.

■ Code § 19.2-243 is the statutory embodiment of the constitutional right to a speedy trial. *Washington v. Commonwealth,* 216 Va. 185, 192, 217 S.E.2d 815, 822 (1975) (interpreting the predecessor of Code § 19.2-243). It gives the prosecution "the responsibility of vindicating society's interests in swift and certain justice." *Fowlkes v. Commonwealth,* 218 Va. 763, 766-67, 240 S.E.2d 662, 664 (1978). In applying its provisions we look at its literal language and also to its "reason and spirit." *Commonwealth v. Adcock,* 49 Va. (8 Gratt.) 661, 681 (1851). Thus, we must construe it so as to assure both a defendant's constitutional right to a speedy trial and society's interest in "swift and certain justice."

The American Bar Association's *Standards for Criminal Justice* addresses the situation presented in this case. It provides that, if a defendant is not brought to trial within the required time, he should be discharged from any future prosecution "for the offense charged and for any other offense required to be joined with that offense." 2 ABA *Standards for Criminal Justice* § 12-4.1, at 12.43 (2d ed. 1980). The commentary explains this requirement:

> To ensure that prosecutors not circumvent speedy trial requirements by unduly delaying trial on one charge and subsequently proceeding on another closely related charge, this standard would require that discharge bar prosecution for "any other offense required to be joined with that offense." This standard incorporates by reference standards as to required joinder.

*Id.* at 12.45.

charges were dismissed in the prior proceeding on the defendant's motion for the lack of a speedy trial. *See Washington v. Commonwealth,* 216 Va. 185, 189, 217 S.E.2d 815, 820 (1975).

The *Standards for Criminal Justice* permits joinder without recommending or mandating it "[e]xcept under limited circumstances carefully specified in Standard 13-2.3." *Id.* § 13, at 13.6. Standard 13-2.3, in turn, provides that "two or more related offenses . . . within the jurisdiction of the same court" should be joined for trial upon a timely defense motion "unless the court determines that, because the prosecuting attorney does not have sufficient evidence to warrant trying some of the offenses at that time, or for some other reason, the ends of justice would be defeated if the motion were granted in whole or in part." *Id.* § 13-2.3, at 13.21. "[R]elated offenses" are defined as those "based upon the same conduct, upon a single criminal episode, or upon a common plan." *Id.* at § 13-1.2, at 13.9.

Thus, under the *Standards for Criminal Justice* the speedy trial bar is not limited to the offense charged. Read as a whole the *Standards for Criminal Justice* requires discharge of both the offense dismissed for lack of a speedy trial and any offense based on the same conduct, upon a single criminal episode or upon a common plan, unless the prosecuting attorney does not have sufficient evidence to warrant trying the related offenses at that time, or, if for some other reason, the ends of justice would be defeated by trying the related charges within the time required by law.

The Indiana Court of Appeals has also addressed this issue. It concluded that where prosecution for a criminal offense is barred by failure to bring the case to trial within prescribed time limits, the defendant cannot thereafter be prosecuted for a conspiracy to commit the same criminal offense. *See State v. Tharp*, 406 N.E.2d 1242, 1246 (Ind. App. 1980). It held that such a defendant should be discharged from prosecution of a related charge growing out of the "same transaction, incident, events, or set of facts, which facts or events had occurred and were known or, in the exercise of due diligence, should have been known to the state, and which related charge could have been joined with the initial charge . . . ." *Id.*

Code § 19.2-243 is intended to assure the defendant's right to a speedy trial and society's interest in "swift and certain justice." To allow the prosecution to circumvent this by "delaying trial on one charge and subsequently proceeding on another closely related charge" foils both society's and a defendant's interest in speedy justice. This practice would shift the legislative determination of a

speedy trial from the General Assembly to the prosecuting attorney. The General Assembly's intent should not be so easily frustrated.

■ The conspiracy charges and the underlying substantive offenses were based on the same act or transaction and thus could be joined for trial. *See* Rules 3A:10(b) and 3A:6(b). The evidence used to prove the conspiracy charges was the same that would have been required to prove the underlying substantive offenses, and the conspiracy charges could have been included in the same indictment and tried contemporaneously with the underlying substantive offenses. Therefore, we conclude that the discharge from prosecution for the substantive offenses also bars the Commonwealth from prosecuting the defendant for conspiracy charges based on the same offenses, and the trial court erred in denying the defendant's motion to dismiss these charges for failure to provide him a speedy trial under Code § 19.2-243.

For these reasons, the judgments of conviction in this case are reversed.

*Reversed.*

Koontz, C.J., and Coleman, J., concurred.