Jeffery Madison PRUETT,
Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 45A05–9210–CR–377.

Court of Appeals of Indiana,
Fifth District.

July 29, 1993.

Marce Gonzalez, Jr., Hilbrich, Cunningham & Schwerd, Highland, for appellant-defendant.

Pamela Carter, Atty. Gen., Cynthia L. Ploughe, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-plaintiff.

RUCKER, Judge.

Defendant–Appellant Jeffery Pruett appeals the denial of his Motion to Dismiss the charge of Possession of a Schedule I Controlled Substance, as a Class D felony,[1] arguing the charge is barred by Ind.Crim. Rule 4(C). Pruett raises one issue for our review, namely, whether the trial court erred in denying his motion to dismiss the charge?

We affirm.

At approximately 2:15 a.m. on January 27, 1991, Police Officers Thomas Fielden and John Murks observed Pruett exiting a liquor store carrying two cases of beer. The Officers stopped him, inquired concerning his age and upon discovering he was nineteen years old arrested him for Illegal Possession of Alcohol by a Minor. A search incident to the arrest produced a Sucrets sore throat lozenge box hidden inside Pruett's underwear. Inside the box were five hand-rolled cigarettes containing a green, leafy substance later determined to be marijuana. Also inside the Sucrets box was a plastic baggie containing small perforated papers which Pruett admitted were doses of Lysergic Acid Diethylamide (LSD), a Schedule I Controlled Substance.

On January 30, 1991, an information was filed in Hammond City Court charging Pruett with Possession of Marijuana, as a

1. Ind.Code § 35–48–4–7.

Class A misdemeanor,[2] and Illegal Possession of Alcohol by a Minor, as a Class C misdemeanor.[3] On March 27, 1992, Pruett pled guilty to both charges and was sentenced.

On February 26, 1992, while the original charges were pending in the City Court, the State filed an additional two-count information in Lake Superior Court, County Division. Count I of the information charged Pruett with Possession of a Schedule I Controlled Substance and Count II charged him with Possession of Marijuana. On April 30, 1992, Pruett filed a Motion to Dismiss the charges, alleging Count I was barred by Crim.R. 4(C) and Count II violated the prohibition against double jeopardy.

During the hearing on Pruett's motion, the State voluntarily dismissed Count II. The trial court denied Pruett's motion to dismiss Count I. Pruett initiated this interlocutory appeal pursuant to Ind.Appellate Rule 4(B)(6).

■ Pruett contends the trial court erred in denying his motion to dismiss Count I because the charge is barred by the one year limitations period contained in Crim.R. 4(C). According to Pruett, because all the charges against him are based upon the events of January 27, 1991, the limitations period for each charge commenced upon the filing of the initial information. In support of his argument, Pruett cites *State v. Tharp* (1980), Ind.App., 406 N.E.2d 1242, 1246 wherein this court ruled that after a criminal charge has become time-barred under Crim.R. 4(C) and the defendant has been discharged or is eligible for discharge pursuant to the rule, the State may not subject the defendant to a related charge growing out of the same transaction, incident, events, or set of facts, when those facts had occurred and were known or should have been known to the State and could have been joined with the initial charge.

In *Tharp*, a theft charge remained pending against the defendants for almost 13 months before the State dismissed the

charge and simultaneously refiled a charge of conspiracy to commit the same theft. The latter charge alleged that commission of the theft constituted an overt act in furtherance of the conspiracy. We ruled the State's failure to bring the defendants to trial on the theft charge within the time limit prescribed by Crim.R. 4(C) not only required discharge of the defendants on that charge but also precluded "any prosecution growing out of the same set of facts, specifically the conspiracy charge." *Id.* at 1244.

The *Tharp* rule was applied in *Fink v. State* (1984), Ind.App., 469 N.E.2d 466 in which a burglary charge was filed after the defendant forcibly entered his victim's apartment and held her at knifepoint. On the date set for trial, the State dismissed the burglary charge and simultaneously filed a charge of criminal confinement based on the same incident. In holding the time period under Ind.Crim.Rule 4(B)(1) commenced when the original charge was filed, we observed that "charges based on the same criminal acts or arising out of the same set of facts may not be prosecuted following dismissal of the related offense for failure to comply with the requirements of C.R. 4." *Id.* at 468.

Further, in *Gamblin v. State* (1991), Ind. App., 568 N.E.2d 1040, we reversed the defendant's conviction on charges of theft and accepting payment where those charges were filed fourteen months after filing and subsequent dismissal of charges arising from the same set of facts. Applying the rule announced in *Tharp*, we noted that at the time the second set of charges against Gamblin was filed, the original charges were not yet barred by Crim.R. 4(C) but ruled "[t]he State cannot be allowed to obtain an entire new year by refiling substantially the same charges...." *Gamblin*, 568 N.E.2d at 1042, n. 6.

■ Criminal Rule 4 thus bars a subsequent prosecution where, upon failure to timely prosecute charges against a defen-

---

**2.** Ind.Code § 35–48–4–11(1).

**3.** Ind.Code § 7.1–5–7–7.

dant, the State files additional charges based upon the same facts alleged in the original information. The State thus may not attempt "to do indirectly what the lack of speedy trial prevented [it] from doing directly." *Tharp*, 406 N.E.2d at 1245 *citing State v. McNeil* (1978), 20 Wash.App. 527, 582 P.2d 524. In such a case, the filing of separate, factually-related charges is viewed as one continuous prosecution, and the one year time period begins to run on the date the first charge was filed. *Gamblin*, 568 N.E.2d at 1043; *Fink*, 469 N.E.2d at 468.

■ However, where the State files subsequent charges based upon facts separate and distinct from those charged in the original information, the *Tharp* rule is inapplicable. *See Coates v. State* (1989), Ind., 534 N.E.2d 1087 (trial of defendant on burglary charge more than one year after his arrest on charges of rape and robbery was not barred by Crim.R. 4(C) even though all charges allegedly arose from the same incident; "criminal charge" for purposes of Crim.R. 4(C) does not mean all charges stemming from the same criminal episode).

Here, although all charges against Pruett arose from the same criminal episode, the charges are not so factually related as to fall within the meaning of the rule in *Tharp*. Rather, each charge is based on one or more facts unique to the offense charged. The facts relative to the charge of Possession of Alcohol show Pruett had in his possession several bottles of beer. The Possession of Marijuana charge is based on Pruett's possession of five marijuana cigarettes. However, the Possession of a Controlled Substance charge relies upon Pruett's possession of the drug LSD. Because the latter charge was based upon facts separate and distinct from those charged in the previous counts, Crim.R. 4(C) does not operate to bar its prosecution until one year after the charge was filed. The trial court properly denied Pruett's motion to dismiss Count I Possession of a Controlled Substance.

Judgment affirmed.

SHARPNACK, C.J., and ROBERTSON, J., concur.