Jeffrey Scott **ADKINS**, Petitioner,

v.

Edward S. **MURRAY**, Respondent.

Civ. A. No. 93–215–R.

United States District Court,
W.D. Virginia,
Roanoke Division.

Nov. 29, 1994.

Philip J. Walsh, Bromley, Greene & Walsh, Falls Church, VA, for Jeffery S. Adkins.

Jeffery S. Adkins, pro se.

Robert Q. Harris, Office of Atty. Gen., Richmond, VA, for Atty. Gen. of Virginia and Edward W. Murray.

### MEMORANDUM OPINION

MICHAEL, District Judge.

The petitioner filed a claim pursuant to 28 U.S.C. § 2254, alleging ineffective assistance of counsel.[1] On October 3, 1989, the petitioner was arrested for ten (10) offenses arising out of criminal acts committed against several occupants of a cabin on October 1, 1989. At a preliminary hearing on December 7, 1989, the state general district court found probable cause to present the case to a grand jury. The grand jury then returned a sixteen (16) count indictment against the petitioner, charging the same ten (10) offenses plus six (6) additional offenses occurring at the cabin on October 1, 1989.[2] The trial judge severed the original ten (10) charges from the additional six (6) charges, and in separate trials the petitioner was convicted of all sixteen offenses. On appeal, the Virginia Court of Appeals overturned the convictions for the first ten offenses based upon violation of Virginia's speedy trial statute, Va.Code Ann. § 19.2–243. The petitioner's attorney did not make a speedy trial challenge to the additional six counts, despite specific advice from the petitioner to argue that the case of *Clark v. Commonwealth,* 4 Va.App. 3, 353 S.E.2d 790 (1987), barred the additional six convictions on speedy trial grounds. Based upon his counsel's failure to raise *Clark* on appeal,[3] the petitioner filed this claim for ineffective assistance of counsel.

On July 27, 1994, United States Magistrate Judge B. Waugh Crigler entered a "Memorandum Opinion" which, by Order of October 26, 1994, the court treated as a Report and Recommendation. The Magistrate Judge concluded that the question of the applicability of *Clark* to this case warranted certification to the Virginia Supreme Court. After considering the petitioner's November 7, 1994 "Objection to Magistrate Judge Crigler's Memorandum and Opinion of Certification," and after a careful review of the entire record in this case, the court declines to adopt the Magistrate Judge's recommendation.

Certification to the Virginia Supreme Court of the question of the applicability of *Clark* to this case is unnecessary. In *Clark,* a defendant was indicted for three offenses, and the indictments were dismissed on speedy trial grounds. After the indictments were dismissed, the Commonwealth indicted the defendant for conspiracy to commit the three substantive offenses that had been dismissed on speedy trial grounds. *See id.* at 4, 353 S.E.2d 790. The Virginia Court of Appeals held that "discharge from prosecution for the substantive offenses also bars the Commonwealth from prosecuting the defendant for conspiracy charges based on the same offenses...." *Id.* at 7, 353 S.E.2d 790. The court's discussion in *Clark* of the American Bar Association's *Standards for Criminal Justice* and the Indiana Court of Appeals decision in *State v. Tharp,* 406 N.E.2d 1242 (Ind.App.1980), is dicta, and the court never explicitly accepts their broad pronouncements. The holding in *Clark* is more narrow than the petitioner suggests; it is limited to a later prosecution for conspiracy to commit an underlying offense for which prosecution is barred. The court's reasoning in *Clark* focuses on the following factors: (1) that the conspiracy charge and the underlying offenses could have been joined for trial; (2) that they were "based on the same act or transaction;" and (3) that the same evidence

---

**1.** The petitioner also asserted other claims, but the respondent's motion to dismiss was granted on December 13, 1993 as to all of the petitioner's claims except the ineffective assistance of counsel claim.

**2.** The original ten offenses were: (1) robbery of Rodger Miller; (2) robbery of Judy Miller; (3) burglary while armed; (4) robbery of Thomas Cash; (5) robbery of Karen Cash; (6) forcible sodomy of Karen Cash; and (7–10) four counts of the use or display of a firearm during the

commission of a felony. The additional six offenses were: (1–4) abduction of each of the above named victims; (5) aggravated sexual battery of Judy Miller; and (6) unlawfully wearing a mask.

**3.** It is disputed whether the petitioner's attorney did or did not raise *Clark* on oral argument, but for the purposes of this opinion the court will assume that he did not.

would be used to prove them. *See Clark,* 3 Va.App. at 7, 353 S.E.2d 790. To convert this holding into a rule requiring dismissal of all charges that possibly could have been joined for trial, with no other limitation, is a considerable leap.

The petitioner's case is different from the situation in *Clark.* Here, the petitioner was convicted of six offenses even though he had been discharged from prosecution for ten other offenses based upon conduct that took place at the same general time and place. The original ten offenses, however, were based upon different acts, even if temporally related, and different evidence would be needed to prove them. The special relationship that conspiracy has to its underlying offense is substantively different from the merely temporal relationship between the first ten offenses from which the petitioner was discharged and the other six offenses for which he was convicted.

The court need not decide whether *Clark* applies beyond its facts, or whether it applies to subsequent prosecution for any offenses other than conspiracy. It is sufficient to hold that *Clark* does not apply to the situation presented in this case. As a result, the petitioner would have suffered no prejudice if his attorney failed to raise *Clark* during the appeal of his criminal conviction. With no prejudice, his claim must fail as a matter of law. *See Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). As a result, the court must grant the respondent's motion for summary judgment and dismiss this action.