**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JEFFREY S. ADKINS,
Petitioner-Appellant,

v.

ATTORNEY GENERAL OF THE
COMMONWEALTH OF VIRGINIA;
EDWARD W. MURRAY,
Respondents-Appellees.

No. 95-6103

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
James H. Michael, Jr., Senior District Judge.
(CA-93-215-R)

Argued: June 3, 1996

Decided: September 24, 1996

Before WIDENER, WILKINS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Philip Joseph Walsh, BROMLEY, GREENE & WALSH,
Falls Church, Virginia, for Appellant. Robert H. Anderson, III, Assis-
tant Attorney General, OFFICE OF THE ATTORNEY GENERAL,
Richmond, Virginia, for Appellees. **ON BRIEF:** James F. Bromley,
BROMLEY, GREENE & WALSH, Falls Church, Virginia, for
Appellant. James S. Gilmore, III, Attorney General, OFFICE OF THE
ATTORNEY GENERAL, Richmond, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Jeffrey S. Adkins appeals from the district court's denial of his petition for writ of habeas corpus. On appeal Adkins argues that the district court incorrectly determined that Clark v. Commonwealth, 353 S.E.2d 790 (Va. Ct. App. 1987), does not apply to the facts of his case. Because we agree that Clark does not apply, we affirm.

I.

Adkins was arrested on October 3, 1989, for ten offenses arising out of allegations that he (while armed) broke into a cabin, robbed the two couples staying there, and sexually assaulted the women. At a preliminary hearing on December 7, 1989, probable cause was found on the ten charges in the arrest warrant,[1] and the case was submitted to a grand jury. On January 22, 1990, the grand jury returned a sixteen-count indictment against Adkins. The indictment included the ten counts that were the subject of the December 7 preliminary hearing and six additional counts that are the subject of this appeal.[2]

On May 31, 1990, a jury tried and convicted Adkins on the six counts that are the subject of this appeal, and he was sentenced to a term of two life sentences plus forty-five years. On June 15, 1990, Adkins was tried and convicted on the remaining ten counts.

The Virginia Court of Appeals reversed and dismissed the ten

_____

[1] These charges were robbery (four counts), breaking and entering (one count), use of a firearm during the commission of a felony (four counts), and sodomy by force (one count).
[2] The six counts that are the subject of this appeal are abduction (four counts), aggravated sexual battery (one count), and wearing a mask during the commission of a felony (one count).

2

counts of conviction from the June 15 trial based upon a violation of Adkins' statutory right to a speedy trial.**3** The court noted in its opinion that Adkins did not contest his convictions for the six crimes from the separate May 31 trial. Adkins v. Commonwealth, 414 S.E.2d 188, 188 n.1 (Va. Ct. App. 1992).

On March 19, 1993, Adkins filed a petition for writ of habeas corpus in the Roanoke Division of the Western District of Virginia. See 28 U.S.C. § 2254. Judge Kiser dismissed most of Adkins' petition and transferred the case to the Charlottesville Division where it came before Judge Michael. The principal claim remaining in Adkins' petition was the one for ineffective assistance of counsel. Adkins argued that his counsel rendered ineffective assistance by failing to address Clark v. Commonwealth, 353 S.E.2d 790 (Va. Ct. App. 1987), on Adkins' direct appeal to the Virginia Court of Appeals. In Clark the Virginia Court of Appeals said that "if a defendant is not brought to trial within the required time, he should be discharged from any future prosecution `for the offense charged and for any other offense required to be joined with that offense.'" 353 S.E.2d at 791 (citation omitted). Adkins contended that the six convictions now at issue arose out of the same criminal episode as the other ten convictions already dismissed by the Court of Appeals on speedy trial grounds. Therefore, Adkins claimed that his counsel was ineffective for failing to argue for reversal of his convictions on all sixteen counts as violative of the speedy trial act.

Judge Michael concluded that Clark does not apply to the facts of Adkins' case and therefore held that he suffered no prejudice from his counsel's failure to raise Clark. Accordingly, Adkins' petition was dismissed, and this appeal followed.

_____

**3** The statutory provision governing speedy trials in Virginia provides that a defendant in custody must be tried within five months from the date of a finding "that there is probable cause to believe that the accused has committed a felony." See Va. Code Ann. § 19.2-243. Probable cause for the ten counts of conviction that were reversed was found at the preliminary hearing on December 7, 1989. Thus, a trial was required by May 7, 1990, over a month before the trial began. Probable cause for the remaining six counts was found by the grand jury on January 22, 1990, requiring commencement of trial by June 22. As noted, trial on the six counts occurred on May 31.

3

II.

On appeal Adkins argues, as he did below, that his counsel rendered ineffective assistance by failing to address Clark before the Virginia Court of Appeals. To demonstrate ineffective assistance of counsel, a petitioner must show (1) deficient performance and (2) resulting prejudice. See Strickland v. Washington, 466 U.S. 668, 693 (1984). If Clark does not apply to Adkins' case, his ineffective assistance claim must fail because he would be unable to demonstrate prejudice. We hold that Clark does not apply to Adkins' case.

In Clark the defendant was charged with attempted robbery, use of a firearm, and unlawfully wearing a mask. The indictments were later dismissed because the Commonwealth failed to bring the defendant to trial within five months as required by Virginia's speedy trial act. In the month following dismissal, the Commonwealth indicted the defendant for conspiracy to commit the three substantive offenses which had been dismissed. The defendant claimed that the speedy trial act also barred prosecution of the conspiracy charge. Clark, 353 S.E.2d at 791. The court in Clark held that "the discharge from prosecution for the substantive offenses also bars the Commonwealth from prosecuting the defendant for conspiracy charges based on the same offenses . . . ." Id. at 792.

Adkins argues that Clark applies to his case because it must be read broadly to mean that:

> If the offenses which a defendant is charged with are "related" in a manner that satisfies [Supreme Court of Virginia] Rule 3A:6(b), the defendant's right to a speedy trial requires that if one or more of the offenses is dismissed on the ground of denial of a speedy trial, the other "related" offenses must also be dismissed for the same reason. **4**

_____

**4** Rule 3A:6(b) of the Rules of the Supreme Court of Virginia provides:

> Joinder of Offenses. -- Two or more offenses, any of which may be a felony or misdemeanor, may be charged in separate counts of an indictment or information if the offenses are based on the same act or transaction, or on two or more acts or transactions that are connected or constitute parts of a common scheme or plan.

(Emphasis added.)

4

Reply Br. of Appellant at 5.

We need not decide here how broadly Clark might be read, but we can say that Clark does not reach so far as to apply to the facts of Adkins' case. We believe that the thrust of Clark is to prevent a prosecutor "from `circumvent[ing] speedy trial' requirements by unduly delaying trial on one charge and subsequently proceeding on another closely related charge . . . .'" 353 S.E.2d at 791 (quoting 2 ABA Standards of Criminal Justice § 12-4.1 at 12.45 (2d ed. 1980)). Here, the prosecutor was not attempting a second bite at the apple, nor was he attempting to circumvent the speedy trial requirements. Adkins was indicted on the six counts at issue here only six weeks after probable cause was found on the first ten charges. He was tried and convicted on the six charges within five months as required by the speedy trial act. His trial on the remaining ten charges (that were ultimately dismissed) followed two weeks later. Under these circumstances, we cannot conclude that the prosecutor was attempting to circumvent the speedy trial requirements. Accordingly, we hold that Clark does not extend to Adkins' case.

Because Clark is inapplicable to Adkins' case, Adkins was not prejudiced by his counsel's failure to argue Clark to the Virginia Court of Appeals. Adkins' ineffective assistance claim must therefore fail, and the judgment of the district court is affirmed.[5]

AFFIRMED

---

[5] We have considered Adkins' other arguments and find them to be without merit.