COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judges Clements and Beales
Argued at Richmond, Virginia


BERNARD RAY RICHARDSON

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1766-05-2                      JUDGE RANDOLPH A. BEALES
                                                         APRIL 24, 2007
COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE
                     Joseph F. Spinella, Judge Designate[1]

           Francis McQ. Lawrence (Rhonda Quagliana; St. John, Bowling &
           Lawrence, on brief), for appellant.

           Jonathan M. Larcomb, Assistant Attorney General (Robert F.
           McDonnell, Attorney General, on brief), for appellee.


        Bernard Ray Richardson (appellant) was convicted by a jury of burglary, pursuant to

Code § 18.2-91, petit larceny, pursuant to Code § 18.2-96, and possession of tools with the intent

to commit burglary, pursuant to Code § 18.2-94.  On appeal, appellant argues that the trial court

should have discharged him from prosecution for these three offenses as the speedy trial

provisions of Code § 19.2-243, as then in effect, were violated.  We disagree.

                                        BACKGROUND

        Appellant was arrested on May 6, 2003, waived his right to a preliminary hearing in

district court, and was indicted by a grand jury on August 18, 2003.  He was held continuously in

custody from August 18, 2003, until his jury trial on March 9, 2004.

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] Judge Spinella entered the final order in this case on May 12, 2004.  On September 8,
2004, Judge Edward L. Hogshire entered a *nunc pro tunc* order correcting an error in the number
of years to which appellant was sentenced.

Appellant's initial trial date was October 31, 2003, before a jury. On October 29, 2003, appellant's counsel notified the Commonwealth that appellant intended to enter a plea of guilty pursuant to a plea agreement, in lieu of trial by jury. After being notified by the parties, the court "scheduled [the case] for a guilty plea" instead of a jury trial.

When the case was called on October 31, the trial court and the Commonwealth began discussing the plea agreement. During this discussion, appellant's counsel informed the court that the plea agreement "may be null and void at this point based on [his] conversation with [appellant]." Appellant's counsel added, "I know that's going to inconvenience the Court and the Commonwealth, but it's going to inconvenience us as well *because we're frankly not ready to go to trial today*." (Emphasis added.) The prosecutor then added, "And I've excused all my witnesses as a result of the representation of counsel." Appellant's counsel agreed that on October 29, 2003, he told the prosecutor that appellant would enter a guilty plea and gave the prosecutor "permission to excuse" all the witnesses from appearing on October 31.

Appellant then told the trial court that he did not want to plead guilty and wanted a jury trial. The trial court stated, "I'm going to treat this as a waiver of speedy trial until we set this matter for trial. I don't know when we'll set it, we'll just have to do the best we can." When the judge's secretary asked, "Do you have a speedy trial ---", the trial court interrupted and said, "No, we've waived speedy trial through trial date. We'll set it, we need to set it as a number one status because it's a defense jury." The court set the trial for the first date suggested by the secretary, January 26, 2004, noting that the court would "need to get another judge in to hear it" as he was not available that day.

Appellant objected to the trial court's determination that he had waived his speedy trial rights. His attorney added, "For the record, Your Honor, just according to my client, I'll make my objection to waiver of speedy trial." Neither appellant nor his counsel retracted his counsel's

representation to the trial court that he was not prepared to proceed to trial on October 31, 2003. The continuance order states that the trial was continued "on the motion of the defense."

On January 26, 2004, the date then scheduled for appellant's jury trial, the courts were closed due to snow. As a result, appellant's trial was continued to March 9, 2004, without any objection on the record by appellant. On March 9, 2004, a jury convicted appellant of the three charges.

ANALYSIS

> Code § 19.2-243 constitutes Virginia's "statutory embodiment of the constitutional right to a speedy trial." Clark v. Commonwealth, 4 Va. App. 3, 5, 353 S.E.2d 790, 791 (1987). The statute protects the accused from lengthy incarceration prior to trial by mandating the dismissal of charges where more than five months elapse from the indictment or finding of probable cause by the district court to the commencement of trial. Code § 19.2-243.

Schwartz v. Commonwealth, 45 Va. App. 407, 424, 611 S.E.2d 631, 639 (2005). "The five month period is computed as 152 and a fraction days." Moten v. Commonwealth, 7 Va. App. 438, 441, 374 S.E.2d 704, 706 (1988). The application of the statute may be tolled, however, for any of several conditions. Code § 19.2-243; Shearer v. Commonwealth, 9 Va. App. 394, 399, 388 S.E.2d 828, 830 (1990) ("[T]he Commonwealth has the burden to satisfactorily explain the delay or the prosecution will be dismissed. Any delay in the trial, however, [that] is attributable to the defendant will not be counted in determining whether the Commonwealth complied with the statutory speedy trial mandate." (citation omitted)).

At the time of appellant's case, Code § 19.2-243 read, in pertinent part:

> Where a general district court has found that there is probable cause to believe that the accused has committed a felony, the accused, if he is held continuously in custody thereafter, shall be forever discharged from prosecution for such offense if no trial is commenced in the circuit court within five months from the date such probable cause was found by the district court . . . . If there was no preliminary hearing in the district court, or if such preliminary hearing was waived by the accused, the

commencement of the running of the five . . . months period[] . . . shall be from the date an indictment or presentment is found against the accused.

* * * * * * *

The provisions of this section shall not apply to such period of time as the failure to try the accused was caused:
   1. By his insanity or by reason of his confinement in a hospital for care and observation;
   2. By the witnesses for the Commonwealth being enticed or kept away, or prevented from attending by sickness or accident;
   3. By the granting of a separate trial at the request of a person indicted jointly with others for a felony;
   4. By continuance granted on the motion of the accused or his counsel, or by concurrence of the accused or his counsel in such a motion by the attorney for the Commonwealth, or by the failure of the accused or his counsel to make a timely objection to such a motion by the attorney for the Commonwealth, or by reason of his escaping from jail or failing to appear according to his recognizance; or
   5. By the inability of the jury to agree in their verdict.

The parties agree that the period from the grand jury's indictment (August 18, 2003) to the first trial date (October 31, 2003) was chargeable against the Commonwealth. Appellant argues that the period from the first date set for trial (October 31, 2003) to the second date set for trial (January 26, 2004) was also chargeable against the Commonwealth. If this latter time period was chargeable against the Commonwealth, appellant's statutory speedy trial rights were violated, as January 26, 2004 is eight days beyond the five-month limitation. Conversely, if that time was not chargeable to the Commonwealth, then appellant's statutory speedy trial rights were not violated.[2]

---

[2] Appellant also argues that the continuance due to snow, from the second date set for trial (January 26, 2004) to the final trial date (March 9, 2004), should be chargeable against the Commonwealth. We note, however, that if the time from the first trial date on October 31, 2003, to the second date on January 26, 2004, a period of eighty-six days, was tolled, then the statutory five-month requirement was not violated, even if the third block of time (from January 26 to March 9) were chargeable against the Commonwealth.

We conclude that the time period from October 31, 2003, to January 26, 2004, was not chargeable against the Commonwealth and that appellant was brought to trial within the statutory period defined by Code § 19.2-243. As the Commonwealth points out, appellant's counsel stated to the trial court that he was not prepared for a trial on October 31. Counsel had been taken by surprise when appellant decided at the last minute to reject the previously accepted plea agreement. While appellant did not explicitly request the continuance, and he complained that he was not waiving his speedy trial rights, the delay was attributable to appellant as his attorney was not prepared for trial. As we have previously stated, a "[d]efense counsel may . . . request or concur in a continuance without the consent or presence of a defendant and a defendant will be bound by counsel's [request or] assent to the delay." Shearer, 9 Va. App. at 402, 388 S.E.2d at 832. To hold otherwise, particularly under the circumstances presented in this record, would undermine the "orderly administration of justice [which] requires that tactical matters, such as continuances, be left with counsel." Stockton v. Commonwealth, 227 Va. 124, 141, 314 S.E.2d 371, 382 (1984).

The trial court's order continuing the case from October 31, 2003, to January 26, 2004, states that the continuance was "on the motion of the defense." We must defer to this factual finding by the trial court if there is evidence in the record to support it. See Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002) ("Furthermore, the decision of the trial court will not be disturbed unless plainly wrong or without evidence to support it.").

Appellant is correct in his argument to us that he did not *explicitly* request a continuance. In fact, the record would seem to indicate that neither counsel explicitly requested the continuance from the October 31, 2003 trial date. However, the fact that appellant did not explicitly move for the continuance does not resolve the question here. Appellant, by his actions

and representations, can implicitly ask for or concur in the continuance.  See Stephens v. Commonwealth, 225 Va. 224, 233-34, 301 S.E.2d 22, 27-28 (1983).

Appellant's counsel told the trial court that he was not "ready to go to trial" on October 31, 2003, which the court could reasonably infer was a request for a continuance.  Such a request is effectively a waiver of the statutory speedy trial provisions.  See Code § 19.2-243(4).[3]  Therefore, the record contains sufficient evidence to support the trial court's finding that appellant requested the continuance.

The Commonwealth also argues that appellant necessitated the continuance when he rejected the plea agreement on the day originally set for a jury trial and that, therefore, the delay was attributable to him whether or not he requested the continuance.  The Commonwealth notes that appellant had accepted the proposed agreement and had also agreed to the release of the Commonwealth's witnesses from their subpoenas for attendance at a jury trial, in anticipation of appellant's promised guilty plea.  We need not reach this second argument, however, as we find that the evidence is sufficient to support the trial court's finding that appellant requested the continuance.

We find that appellant effectively moved for a continuance of his October 31, 2003 trial date, which tolled the running of the statutory period for prosecuting him.  Because those eighty-six days were not chargeable against the Commonwealth, the actual trial on March 9, 2004 fell within the five-month requirement of Code § 19.2-243.

---

[3] The record demonstrates that the trial court acted diligently in setting the new trial date as January 26, 2004, a date only eight days beyond the original statutory five-month limitation.

CONCLUSION

The trial court did not err in denying appellant's motion to dismiss the charges based on a violation of Code § 19.2-243, and the judgment of the trial court, therefore, is affirmed.

<u>Affirmed.</u>